## Commonwealth v. Brand.

(Decided November 17, 1915.)

Appeal from Graves Circuit Court.

1. Criminal Law—Appeal and Error.—A defendant in a criminal case can only appeal from a final judgment in the case.

2. Criminal Law—Appeal and Error.—The Commonwealth may appeal from the decision of the circuit court upon the admission and rejection of things offered to be given in evidence, and upon giving and refusing instructions, at the same term of the court at which a mistrial or acquittal has been had, for the purpose of having questions of law determined, that the administration of the criminal law may be uniform and correct.

3.   Criminal Law—Appeal and Error.—A cross-appeal can not be taken by the defendant, upon an appeal by the Commonwealth.

4.   Criminal Law—Appeal and Error.—Upon an appeal by the Commonwealth, this court will only review the decisions of the circuit court which are adverse to the Commonwealth, and to which the Commonwealth's Attorney has saved exceptions.

5.   Embezzlement—Criminal Law.—In a prosecution for embezzlement, the fact that the accused did not pay or deliver the money or property to its owner, in due course or on demand, is a circumstance from which a fraudulent conversion may be inferred.

6.   Embezzlement—By Sheriff of Franchise Tax—Instructions.—In the prosecution of a sheriff for embezzlement of a certain franchise tax, other acts of embezzlement committed by him, in the conduct of his office, may be given in evidence, if his defense is the want of intent to convert, or that the criminal act was the result of oversight or mistake, but the court should admonish the jury, for what purpose it can consider such evidence, if it is objected to or it is requested to be done, and also, give to the jury a written instruction to the same effect.

7.   Embezzlement—When Sheriff Not Legally in Possession of Franchise Tax.—A sheriff can not legally be in possession of a railroad franchise tax until it has been certified to him for collection by the clerk of the county court, and the railroad is not acquitted of its obligation to pay such tax to the county if it pays same to the sheriff before it has been certified to him for collection.

H. J. MOORMAN and SAMUEL H. CROSSLAND for appellant.

HESTER & HESTER for appellee.

OPINION OF THE COURT BY JUDGE HURT.—Certifying law.

This is an appeal by the attorney for the Commonwealth of Kentucky, from decisions of the circuit court upon the admission and rejection of proof of facts offered to be given in evidence, and decisions upon the giving of instructions to the jury upon the trial of the appellee in the Graves Circuit Court, upon an indictment which charged him with the crime of embezzlement, as denounced by Section 1205, of Ky. Statutes. The trial resulted in a failure by the jury to arrive at a verdict on account of disagreement as to the guilt of the accused, under the evidence and instructions of the court, and the Commonwealth's attorney has brought the case here by appeal, as provided by Sections 335 and 337, of the Criminal Code, regulating procedure in criminal cases, insisting that it is important to the correct and uniform

administration of the criminal law that this court should determine the questions before the appellee is again put upon trial.

The appellee made many objections and saved many exceptions to the decisions of the court, upon the trial, adverse to him, and insists that these decisions be, also, reviewed. The authority of this court to review decisions and judgments of the circuit court, in criminal trials, is confined and limited by the provisions of the Criminal Code, and beyond the authority there granted, this court can not go. Section 335, of the Criminal Code, provides:

"An appeal shall only be taken on a final judgment except on behalf of the Commonwealth. An appeal by the Commonwealth from a decision by the circuit court shall not suspend the proceedings in the case." * * *

Section 337, *supra,* provides that an appeal by the Commonwealth's attorney must be taken at the term at which the decision is rendered. An appeal may be taken by the Commonwealth from the decisions of the circuit court when a mistrial has been had, as in this case, and even when an acquittal of the accused is the result of the trial, if the attorney for the Commonwealth and the Attorney General shall be of the opinion that an error to the prejudice of the Commonwealth has been made by any decision of the circuit court, and it is important for a correct administration of the criminal law that this court should review the decision. The reason for the legislation is apparent, when it is considered that if a decision prejudicial to the Commonwealth results in the acquittal of the accused, he can not be required again to undergo a trial, however erroneously or mistakenly his acquittal was brought about. The right of the accused to an appeal, however, is different. He suffers no harm unless he is convicted, and if he suffers conviction, he may appeal from the final judgment and bring up for review all of the errors which are prejudicial to him in the proceedings. It will be observed that the code expressly provides that the accused can appeal from a final judgment only. He loses nothing by this. He is granted an appeal from the final judgment, but he cannot appeal before judgment against him and afterwards, too. Neither can the accused prosecute a cross-appeal, upon an appeal by the Commonwealth, for the purposes for which an appeal is allowed to it. Smith v. Comth., 5 R., 851; Riley v. Com., 21 R., 1406; Com. v. Matthews, 89 Ky., 287; Com. v.

Bullock, 24 R., 78, 67 S. W., 992; Com. v. Hourigan, 89 Ky., 305; Com. v. Huber, 126 Ky., 456.

The Commonwealth can, however, appeal only from decisions of the court which are adverse to it.

For the reasons stated, only such decisions of the court, below, as were adverse to the Commonwealth and to which the attorney for the Commonwealth saved exceptions will be considered.

The indictment was based upon the accusation, that the appellee was the sheriff of Graves County for the term beginning on the first Monday of January, 1906, and that as such he collected the tax due the County of Graves for the year 1906, amounting to the sum of $1,031.00, which had been levied upon the franchise of the Illinois Central Railroad Company, and fraudulently converted it to his own use. To the indictment the appellee entered a plea of not guilty. The proof showed that the tax was received by the appellee; that it was never charged to him in any settlement made by him with a commissioner of the fiscal court, nor was it accounted for by him to the county, in any way. The appellee admitted having received the tax, but denied the fraudulent conversion of it, and contended that the tax had never been certified by the county clerk to him for collection; that he was in a low state of health at the time he received the check from the railroad for it, and was practically unable to either physically or mentally give his business any attention, and had no memory of the transaction; that his settlements were made up by the commissioner of the fiscal court, without his presence or assistance; that he did not know that he was not charged with the tax until five or six years afterward, when the county was having an investigation of the affairs of his office made, when for the first time he learned that he had not accounted for the tax; that he had during his term of office paid all that the commissioner of the fiscal court informed him that he was due the county, upon his settlements; that when he learned that he had never accounted for the franchise tax, and demand was made by the county of him for it, that he was then financially unable to pay it, and had no money with which to pay it. The Commonwealth offered proof tending to show that the appellee made conversions of the public money, in different amounts and at different times, during each year of his term of office, and that during his four-year

term, that he failed to account to the county for about $14,000.00 of the public moneys. The manner of making this proof by the Commonwealth, we do not pass upon, as the questions are not before us. This statement of what the evidence tended to show is given for the purpose of determining the correctness of the decisions adverse to the Commonwealth upon the admission and rejection of evidence, and the decisions made in giving instructions.

The proof of the facts, which this evidence seems to have been offered to show, was admitted under the rule, that in a prosecution for embezzlement and the accused relies for a defense upon absence of intent upon his part to make the fraudulent conversion, or that his act was the result of oversight, accident, or mistake, evidence of other acts of embezzlement is admissible to show guilty knowledge in the commission of the act charged. Morse v. Com., 129 K., 294.

First: The attorney for the Commonwealth offered to prove by the person who was clerk of the county court during appellee's term of office, that the appellee had failed to report to the county court the collections made by him of the public moneys, as required by Section 4147, of Kentucky Statutes. Upon objection, the court excluded testimony of such failures. This was error, as it was the duty of appellee, as sheriff, to have made a report to the county court of the collection of the franchise tax, which he is charged with embezzling, at the time fixed in the statute, thereafter, and his failure to do so would be a fact tending to show that his purpose was to conceal the fact of the collection and to convert it to his own use. Upon admission of the proof of appellee's failure to make such report, if objected to or it is requested, the court should admonish the jury that it should only consider the evidence of such failure to report the collection, as evidence tending to show the intent with which appellee appropriated the money to his own use, if it did tend to prove such intent.

Second: Over the objection of the attorney for the Commonwealth, the court permitted appellee to introduce in evidence a receipt given by B. W. Sullivan, and to make inquiries in regard to the giving of such receipt, and to examine witnesses as to the handwriting of the receipt, and who had given it, and the cause of the ill feeling between Sullivan and appellee growing out of the giving of the receipt. All of this was error and should have been excluded.

Third: The appellee, over the objection of the attorney for the Commonwealth, was permitted to prove by M. B. Hollifield, that as county attorney he had made an investigation of appellee's accounts with the county, and had arrived at the conclusion that the franchise tax which appellee is accused of embezzling had never been certified by the county clerk to the sheriff, for collection, and that by reason of such conclusion, he, as attorney for the county, had sued the appellee for failure to perform his duty, and not to recover the amount of the tax. This was an opinion of the witness as to the existence or non-existence of a material fact in the case, and the introduction of an opinion that had been formed by the witness, instead of proof of the facts upon which the jury should make an opinion, and its admission was error and should have been excluded.

Fourth: The attorney for the Commonwealth offered to put in evidence the pleadings of a suit, which it was claimed was a suit by the sureties of appellee in his official bonds, against him, seeking to recover sums, which they were required to pay on account of his defalcations in his office, and to subject certain property, either owned by appellee or alleged to be owned by him, to the satisfaction of his indebtedness to them. To the admission of these pleadings the appellee objected and his objection being sustained, the appellant excepted. There could be no error of the court in this decision, as it does not appear that the allegations of the sureties in the suit could possibly have any relevancy to the issues in this case.

Fifth: The appellee, in testifying for himself upon the trial, was permitted over the objection of the attorney for the Commonwealth, to state his financial con· dition, at the time he says that he learned that the franchise· tax, which he is accused of embezzling, had never been charged to him in any settlement of his accounts, and had not been properly accounted for by him; and to state that he then had no money nor property which he could apply to the payment of the demand made upon him by the county; that his property had been sacrificed in the payment of debts which he owed to his former bondsmen, as a surety for others, and to give in detail what had become of all the money which he had acquired through the office of sheriff. In a prosecution for embezzlement it is competent to be proven by the prosecution, that a

demand had been made of the accused by the proper person for the payment of the money which he is accused of embezzling, as his refusal or failure to make payment of the demand, in due course, to the owner, may be considered as evidence from which a fraudulent conversion may be inferred. Roberson, Vol. 1, P. 655. The Commonwealth availed itself of its right, in the case at bar, and made proof, that the county, before the indictment, had made a demand of appellee for the payment of the tax to it. When it was proved the appellee had not paid the amount of the franchise tax, in due course, and failed upon demand to pay it, this proof was such, from which it could be inferred that he had fraudulently converted the money. It was then admissible for him to rebut the inference by such facts as would tend to show that at the time he learned, according to his statement, that he had not accounted for the tax, that he was not financially able to do so. While it was not proper, in his examination in chief, to allow him to give in detail what had become of his money and property, he should be allowed to show that at the time he learned, according to his statement, that he had by oversight or mistake converted the money to his own use, or to that of another, that he had no money or property, and could not make payment.

Sixth: The court permitted appellee to prove, that at and about the time he received the tax, which he is accused of embezzling, that he suffered greatly from his nervous condition and was unable to look after the affairs of his office. The Commonwealth's attorney objected and saved exceptions to the ruling of the court. This evidence was admissible in corroboration of his claim, that he had no memory of receiving the tax, and that there was an absence of a guilty knowledge of having fraudulently converted the money.

Seventh: Appellee was permitted, over objection, to prove by J. N. Harris that he had made an arrangement with one Sullivan, who was a deputy of appellee, to take the books of Harris, who was a former sheriff, and to collect the taxes yet unpaid to Harris, and that Sullivan had never accounted to him, and that he was unable to get his books back from Sullivan. This evidence was irrelevant and should have been excluded.

Eighth: The court gave to the jury three instructions, to each of which the attorney for the Commonwealth ob-

jected, and his objection being overruled, he excepted. As to the first instruction, he insists that the court was in error when it directed the jury, with other things, that it must believe beyond a reasonable doubt that the franchise tax levied upon the Illinois Central Railroad Company, for the year 1906 was duly certified by the auditor of public accounts to the clerk of the Graves County Court, and by him was certified to the appellee, as sheriff, for collection before a verdict of guilty could be returned. The instruction followed the allegations of the indictment, as to the certification of the tax by the auditor of public accounts to the county court clerk and by him to the sheriff, and without such allegation in the indictment, it would not have been sufficient. · Before a prosecution could be maintained against the appellee as sheriff, for having, as such, embezzled the franchise taxes due the county ·from the railroad company, the money arising from the collection of the franchise tax must have been necessarily legally in his possession and custody as the custodian of the funds of the county. The sheriff is not authorized to collect the franchise tax of a railroad until it has been certified to him for collection, and the railroad company cannot pay same to the sheriff and be acquitted of its obligation for said tax until such certification takes place. Such a tax due a county is not due until the railroad company has received notice for thirty days from the officer authorized to collect it. If the sheriff should collect same without first being authorized, as provided by law, he would be the custodian of the money of the railroad, and not the county. Ky. Statutes, Sections 4067, 4077, 4103; Com. v. Alexander, 129 Ky., 430; Com. v. Baske, 124 Ky., 468; Whaley v. Com., 110 Ky., 154; Com. v. Stone, 114 Ky., 511.

The second instruction directed the jury, in substance, that it should not consider the evidence of other acts of embezzlement of appellee in connection with his office of sheriff, other than the one charged in the indictment, as substantive testimony of appellee's guilt of the crime charged in the indictment, but that such evidence was to be considered only as indicating the motive and intent of appellee, if the jury believed beyond a reasonable doubt that it did so indicate. It would have been prejudicial error to the substantial rights of the appellee if the court had not given the instruction or a

similar one if requested. This has been so often held that it is needless to further consider it.

The third instruction directed the jury to acquit appellee if it had a reasonable doubt of appellee having been proven to be guilty.

The instructions substantially presented the law of the case upon the evidence heard.

It is therefore ordered that this opinion be certified to the circuit court.

All the members of the court sitting.