## Commonwealth v. Eddins.

(Decided September 14, 1920.)

### Appeal from Mason Circuit Court.

Criminal Law—Appeal by Commonwealth—When Allowed.—Under sections 335 and 337 of the Criminal Code, when there has been a mistrial or a new trial has been granted, the Commonwealth pending a retrial may prosecute an appeal to this court from any substantial ruling or decision of the lower court in the trial of the case unfavorable to it for the purpose of having the law of the case settled, but no appeal can be prosecuted by the Commonwealth from a decision or ruling favorable to it.

CHARLES I. DAWSON, Attorney General, B. S. GRANNIS, Commonwealth's Attorney, for appellant.

A. D. COLE, FRANK P. O'DONNELL and J. M. COLLINS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL—Dismissing appeal.

This appeal is prosecuted by the Commonwealth, for the purpose of having this court certify the law applicable to the case. The first question to be determined is has the court jurisdiction of the appeal? On the trial of the appellee for murder the Commonwealth offered as evidence against him two confessions, one made on Friday and the other on Sunday. The trial court excluded the confession made on Friday and no complaint is made by the Commonwealth of this ruling, but the

court admitted over the objection of the accused the confession made on Sunday.

On the trial of the case, the jury disagreed, and pending a retrial, the Commonwealth has brought the case here for the purpose of having us determine whether the confession made on Sunday was or not admissible as evidence.

It will thus be seen that the Commonwealth has prosecuted the appeal from a decision of the circuit court favorable to it, and we think the Commonwealth is not entitled to prosecute an appeal from such a decision or ruling.

It is provided in section 335 of the Criminal Code that ''An appeal shall only be taken on a final judgment, except on behalf of the Commonwealth,'' and in section 337 that ''If an appeal on behalf of the Commonwealth be desired the Commonwealth's attorney shall pray the appeal during the term in which the decision is rendered . . . if the attorney general on inspecting the record be satisfied that error has been committed to the prejudice of the Commonwealth upon which it is important to the correct and uniform administration of the criminal law that the Court of Appeals should decide he may . . . take the appeal.''

It seems clear from these sections that the Commonwealth can only appeal from a final judgment or from a ruling or decision of the trial court when there has been a mistrial or a new trial granted for the purpose of having corrected an error committed by the trial court to the prejudice of the Commonwealth, and that no appeal can be prosecuted by the Commonwealth for the purpose of having this court determine the correctness of a ruling or decision of the trial court that was favorable to the Commonwealth.

In passing on this question in the case of Commonwealth v. Brand, 166 Ky. 753, we said: ''The Commonwealth, however, can appeal only from decisions of the court which are adverse to it. For the reasons stated, only such decisions of the court below as were adverse to the Commonwealth and to which the attorney for the Commonwealth saved exceptions will be considered.''

Wherefore the appeal is dismissed.