## Middleton v. Commonwealth.

(Decided April 17, 1923.)

### Appeal from Harlan Circuit Court.

1. Criminal Law—Objections, Not Relied on in Brief, Assumed to be Abandoned.—Where none of the grounds relied on by accused in support of his motion for a new trial are relied on in the brief, the Court of Appeals is justified in assuming he has abandoned such grounds.

2. Criminal Law—Refusal of Continuance not Reversed, Unless Made Ground of Motion for New Trial.—Where the refusal of a continuance to accused was not made a ground of his motion for a new trial filed in the trial court, the Court of Appeals cannot consider that ruling.

J. B. SNYDER for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This is an appeal from a judgment of the Harlan circuit court entered upon a verdict of a jury, whereby the appellant, Calvin Middleton, was found guilty of the offense of unlawfully selling intoxicating liquors—"moonshine whiskey"—and his punishment fixed at a fine of $300.00 and imprisonment of sixty days in jail. The trial was had under an indictment charging him with the offense named, declared as such by chapter 81, section 1, Acts General Assembly 1920.

As none of the several grounds filed by the appellant in support of his motion for a new trial made in and overruled by the circuit court, is relied on in the brief of the appellant's counsel for the reversal of the judgment sought by the appeal, we will be justified in assuming his abandonment of each of them; therefore, none of these grounds will be considered by us. The appellant does, however, urge, and his counsel earnestly argue for, a reversal of the judgment appealed from upon a single ground not appearing among those supporting his motion for a new trial, viz.: error committed by the trial court, as alleged, in overruling his motion for a continuance of the case, it being insisted that by the refusal of the continuance he was prevented from obtaining a fair and impartial trial.

We find from a careful examination of the record that the overruling by the trial court of the appellant's motion for the continuance was not made a ground for the new trial moved for by him in that court, and for this reason we are not permitted to consider the ruling in question, or determine on this appeal, whether it was error of the character complained of by the appellant. In order to obtain on appeal a review and correction of an error committed by the trial court in refusing a continuance, it must appear from the record that such error was made a ground, or embraced or pointed out in the grounds, filed in support of the motion for a new trial made by the appellant in that court, otherwise it will upon appeal be treated by the appellate court as waived. Frey v. Commonwealth, 169 Ky. 528; Morgan v. Commonwealth, 172 Ky. 684; Alford v. Commonwealth, 197 Ky. 225. As the record furnishes no reason for disturbing the verdict of the jury, the judgment is affirmed.