## Allen v. Whitely.

(Decided May 26, 1925.)

### Appeal from Daviess Circuit Court.

1.  Estoppel—Owner Held Not Estopped from Ousting Hotel Keeper, on Failure to Agree as to Rent, under Contract Entitling Hotel Keeper to Rent Building, if Parties could Agree on Terms.— Where hotel keeper surrendered lease to enable owner to improve building, under contract entitling hotel keeper to rent improved building, if terms of renting could be agreed on, and, while improvements were being made, spent large sum of money in buying equipment, hiring servants, and advertising hotel, without agreement with owner as to rent, owner was not estopped from ousting hotel keeper from premises on failure to agree as to rent on theory that he permitted hotel keeper to make expenditures.

2.  Landlord and Tenant—Agreement Entitling Hotel Keeper to Rent Improved Building, if Parties could Agree on Terms of Renting, did Not Obligate Owner to Accept Reasonable Rent.—Where hotel keeper surrendered lease to enable owner of building to make improvements, under agreement entitling him to rent improved building, if parties could agree on terms of renting, the owner, on completion of improvements, was not required to agree to reasonable rent.

3. Landlord and Tenant—Court will Not Fix Reasonable Rent on Parties' Failure to Agree, under Contract for Surrender Entitling One to Rerent, if Parties could Agree as to Terms.—Where hotel keeper surrendered lease to enable owner to improve building, under agreement entitling hotel keeper to rent building, if parties could agree on terms of renting, the court, on the parties' failure to agree on the rent, will not fix a reasonable rent, since owner in such case was under no obligation to ask merely a reasonable rent.

4. Contract—Court Cannot Make Contract for Parties which They did Not Make.—The court cannot make a contract for the parties which they did not make.

5. Landlord and Tenant—Facts Held Not to Establish Implied Contract.—Where hotel keeper surrendered premises to enable owner to make improvements, under contract entitling him to rent improved building, if parties could agree as to rent, and, on completion of building, entered into possession under oral contract to execute a lease and to pay as rent one-twelfth of the original investment, but refused to execute lease providing for payment of amount fixed by owner, and where hotel keeper could not carry on a profitable business with payment of such rent, a contract entitling hotel keeper to possession for one year will not be implied.

CLEMENTS & CLEMENTS and SANDIDGE & SANDIDGE for appellant.

E. B. ANDERSON for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

On December 15, 1922, Loren E. Whitely leased to Harvey B. Allen, for one year, the property known as the Union Hotel in Owensboro, with the privilege of renewing the lease for four years. Before the year was out the lease was renewed and Allen continued to occupy the property as a hotel; but on March 19, 1924, the following written agreement was endorsed on the lease, written by Allen and signed by both of them:

> "To enable L. E. Whitely to finish and enlarging and building the Union Hotel I am now occupying, I and my subtenant will vacate the property in 30 days from this date, and when the hotel is finished and furnished Allen is to have the privilege of renting it before it is offered for rent to any one else, provided the terms of renting can be agreed on between Whitely and Allen."

Within thirty days Allen vacated the property and Whitely at once began tearing it down, enlarging and remodeling it.  The plans were submitted to Allen and approved by him and he watched the work as it progressed.  The building was completed in September and Allen on October 1st took possession of it  The facts as to this are thus stated by the circuit court and his finding is supported by the great weight of the evidence:

"The court further finds that before the erection of the buildings on said premises, and during the time they were being erected, and after they were completed, and at the time plaintiff entered into the possession and occupancy of said premises, plaintiff represented, promised and agreed that he would, as soon as the total cost of the improvements and defendant's investment in and on the premises had been ascertained, enter into a written lease contract with the defendant whereby he would pay an annual rental, in monthly installments of twelve per cent on the investment in and on said premises, and that the defendant relying on said premises and representations, suffered and permitted the plaintiff to enter into the possession of said premises.

"The court further finds that a few days after the plaintiff entered into the possession of said premises, as stated above, the defendant ascertained the total amount of his investment in and on said premises, and offered to execute a written lease contract with the plaintiff, at and for a rental consideration of twelve per cent of $73,579.00, the amount of the defendant's investment in said premises, but the plaintiff refused to enter into any contract of renting with defendant, and that defendant on November 1, 1924, notified in writing to vacate said premises and surrender the same to defendant."

Allen refused to surrender the property to Whitely and filed this action under the Declaratory Judgment Act for a declaration of his rights and enjoined Whitely from disturbing him.  On final hearing the court, resting his judgment on the above facts, held that no rental contract was entered into between the parties and that Allen was holding the premises without right and unlawfully detaining the possession of same from Whitely.  Judgment was entered accordingly.  Allen appeals.

It is earnestly insisted for Allen that Whitely is estopped from ousting him from the premises. Whitely gave him the keys and stood by knowing that he had spent a large sum of money in buying the things he would need in operating the hotel and hiring servants and other employes by the year and in advertising the hotel. Allen insists that after Whitely had so suffered him to make these large expenditures, which will be a total loss if he is ousted, he cannot be permitted to refuse to allow him to occupy the hotel. But Whitely stood by and allowed these things to be done and Allen did them under the agreement between them that he would execute a lease and pay the rent agreed upon. Whitely's course was based upon his confidence in Allen's complying with the contract. Allen took the risk in doing these things before he complied with his contract. Whitely lost no right when he stood by in an honest expectation that Allen would comply with this contract. If a loss has come to Allen it is not due to Whitely's fault.

It is also earnestly insisted that the parties being unable to agree on the rent the court should fix, under the evidence, a reasonable rent for the property. Slade v. Lexington, 141 Ky. 214, is relied on. But that case is entirely different from this. The written contract there was that the lease should be renewed for twenty-five years longer upon terms as mutually agreed upon at that time. That was a positive contract binding upon both parties to renew the lease. That was not the contract in this case. Allen did not bind himself to renew the lease. He only stipulated that he was to have the privilege of renting it before it was offered for rent to any one else. He did not bind himself to rent it on any terms. He only reserved an option. There was not, therefore, here such a contract as was before the court in the Slade case. If Whitely had fixed a rent agreeable to him, Allen was under no obligation to accept the lease. When Whitely fixed the rent he exercised a right expressly given him by the contract. The court can only interpret the contract fairly and enforce it as fairly construed. To hold that Whitely under the contract can only fix a reasonable rent and that when they cannot agree the court will fix the rent, is to make for the parties a contract they did not make themselves; for Allen not being bound to take the lease on a reasonable rent, Whitely is not bound to lease to him on these terms.

There was no contract unless it was binding on both parties. The words of the contract, "provided the terms of renting can be agreed on," necessarily mean that each of the parties was left free in fixing the terms on which the option was to be exercised.

It is further insisted that in any view of the case the facts should be regarded as showing a renting for one year. But the facts here do not bring this case within the rule stated in any of the cases relied upon. If Allen may hold the premises for a year on the ground that his expenditures, made with Whitely's knowledge, indicated that both the parties contemplated a renting for a year, then if Allen holds for a year he must pay the rent then agreed on. The court cannot make a contract for the parties which they did not make. If there was a renting for a year it was at $700.00 a month or over, and the proof all shows that Allen cannot pay this from the business. If there was a contract between the parties it was a contract binding on both the parties. If Whitely was bound to allow Allen to remain for a year Allen was bound to keep the premises a year and if he kept the place for a year he was bound to pay the agreed rent. To adjudge him the right to so hold the place for a year would be to inflict on him a burden, for the proof for him shows that the business will not stand a rent of over $200.00 a month. To adjudge this would be to make for him a contract he refused to make for himself, for he refused to execute such a lease. To hold that he may hold for a year at a reasonable rent is to make for Whitely a contract he refused to make. There is no room for an implied contract. Allen simply refused to carry out the parol contract under which he entered and Whitely then gave notice and demanded possession.

This is, therefore, a case where the tenant obtains possession of property from the landlord under an agreement that he will execute a certain lease and pay a certain rent, and after he gets possession refuses to carry out the agreement under which he entered or to deliver possession to the landlord. When he so refused he no longer held under the agreement under which he entered and was simply a wrongdoer in possession of the property and holding it without right.

"A tenant, admitted into possession under a written contract for a lease for the term of ten years, cannot, after refusing to execute and accept a lease

tendered by the landlord, and embracing the terms and conditions specified in the written contract, retain possession of the premises because the landlord has not complied with the contract in the construction and finish of the building which he was to erect for occupation by the tenant. While the landlord's violation of his contract would furnish a cause of action in favor of the tenant for the damages sustained thereby, it would not operate as a license to the tenant to occupy and use the premises, and if he took or remained in possession after refusal to execute and accept the lease tendered, he would be merely a tenant at will.'' 16 R. C. L., p. 556. To same effect see 35 C. J., p. 1125.

Judgment affirmed.