## Napier v. Commonwealth.

(Decided April 20, 1928.)

### Appeal from Leslie Circuit Court.

1. Criminal Law.—Trial court's refusal to grant continuance cannot be complained of in Court of Appeals, unless embodied in motion and grounds for new trial filed in lower court.

2. Homicide.—Defendant's innocence or guilt of manslaughter held for jury on conflicting evidence as to provocation, threats, and self-defense.

3. Criminal Law.—Jury are judges of witnesses' credibility, and their verdict must stand unless so flagrantly against the evidence as to shock the conscience and lead unerringly to conclusion that it was result of passion and prejudice.

4 Homicide.—In absence of evidence that deceased had attacked, or at time of homicide was attacking, any one except defendant, or that latter shot deceased in effort to defend any one but himself. court did not err in not enlarging usual self-defense instruction

so as to include defendant's right to defend owner of house in which homicide occurred and his guests.

C. W. HOSKINS for appellant.

J. W. CAMMACK, Attorney General, and S. H. Brown, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

From the judgment entered on the verdict of the jury convicting him of the offense of manslaughter and sentencing him to imprisonment for 21 years, appellant appeals.

For grounds for reversal he insists that the court erred in refusing to grant him a continuance on account of an absent witness; that the verdict is flagrantly against the evidence; and that the court erred in its instructions.

So far as the first ground is concerned, it may be disposed of summarily. The appellant did not make the refusal of the court to grant him a continuance one of his grounds for a new trial in the motion he filed for that purpose, and it is well settled that the refusal of the trial court to grant a continuance cannot be complained of in this court unless it was embodied in the motion and grounds for a new trial filed in the lower court. Frey v. Commonwealth, 169 Ky. 528, 184 S. W. 896; Commonwealth v. Eddins, 188 Ky. 809, 224 S. W. 348; Arnold v. Commonwealth, 194 Ky. 421, 240 S. W. 87; Middleton v. Commonwealth, 198 Ky. 625, 249 S. W. 777; Hembree v. Commonwealth, 210 Ky. 333, 275 S. W. 812.

So far as the second ground is concerned, it likewise cannot be sustained. If the evidence for the commonwealth be believed, the appellant shot and killed the deceased without provocation and at a time when the deceased was doing nothing to him. The commonwealth proved threats made by appellant against the deceased previous to the homicide, and indeed at least one of the witnesses for the appellant also testified to such threats. On the other hand, if the evidence for the appellant be believed, he made out a case of self-defense. It was for the jury to say what of the evidence it believed. In Branham v. Commonwealth, 223 Ky. 237, 3 S. W. (2d) 629, we said:

"This court will not disturb the verdict of a properly instructed jury unless it is flagrantly and

palpably against the evidence. The jury are the judges of the credibility of witnesses, and unless a verdict is so flagrantly against the evidence as to shock the conscience and lead unerringly to the conclusion that it was the result, not of deliberation, but of passion and prejudice, it must stand."

Applying this principle, we are of the opinion that the evidence in this case required a submission of the appellant's innocence or guilt to the jury, and its finding that he was guilty of the offense named is not flagrantly or palpably against the evidence.

The last ground for a reversal is based on the contention of the appellant that the usual self-defense instruction which the court gave should have been enlarged so as to include the right of the appellant to defend Farmer Collins, the owner of the house in which the homicide occurred, and the guests of Farmer Collins assembled there on that occasion. There is no evidence whatever in this record that the deceased had or was attacking any one at the time of the homicide except the appellant, and only the evidence of the appellant discloses that fact, if it be a fact. Appellant did not claim in his evidence that he shot deceased in the effort to defend anybody but himself. There was therefore nothing on which the court could have based such an instruction as appellant now contends should have been given. The court did not err in failing to give the instruction mentioned.

No error appearing prejudicial to the substantial rights of the appellant, the judgment is affirmed.