## Minix v. Commonwealth.

(Decided June 22, 1928.)

### Appeal from Allen Circuit Court.

1.  Criminal Law.—Reviewing court will not disturb verdict of properly instructed jury, unless it is flagrantly and palpably against the evidence.

2,  Assault and Battery.—In prosecution of defendant for maliciously cutting and wounding another, in which testimony was in sharp conflict as to whether defendant acted in self-defense, evidence held sufficient to sustain conviction.

A. J. OLIVER for appellant.

J. W. CAMMACK, Attorney General, and JAS. M. GILBERT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The only ground urged on this appeal for a reversal of the judgment herein is that the verdict is not sustained by the evidence.

The appellant, J. A. Minix, was charged with maliciously cutting and wounding one Robert Chandler, and, upon his trial, was convicted, and his punishment fixed at confinement in the penitentiary for a period of 18 months.

Chandler was the only witness for the commonwealth as to what occurred immediately before and at the time of the difficulty in which he was cut and wounded.

He testified that appellant came to his home and they walked to the home of Will Minix, appellant's brother. After they had been there for some time Will Minix's wife appeared and said she did not want any drinking in the house. Chandler and appellant then left and the former's version of what thereafter occurred is as follows:

"We stood around there and talked after they went off down the hill. Up to this time we had had no trouble. Andrew said, 'I am going down home; go down on the hill with me; I know where some liquor is hid, and I will give you a drink.' And we went on and never got to it. We was walking down the hill there; I was in front and he reached around and cut my throat. He cut me from around my shoulder. I was on the lower side of the road, and he was walking kindly behind me on my left side, and he reached over my right shoulder. The knife entered my neck on the left side and came out on the right side. He said before he done it, 'You are afraid of me, ain't you?' and I said, 'No; I don't reckon I am.' I was not looking at him when he struck the lick and did not know he was going to strike me. I fell when I felt the knife hit my throat. I kindly give to the knife, and I reached up there and tried to pull the place back together. I was laying in the road and bleeding—blood all over me—and I looked around, and I said, 'What made you do that?' and he ran up and kicked me in the head and drawed his knife, and said, 'I have been aiming to do that for five years. If I knowed you wouldn't die, I would cut your head off.' After he kicked me in the head, he went off down the hill cursing me."

Dr. L. Graves was asked as to the nature of the wound, and said:

"It must have been four or five inches long, and it was cut through the skin and different layers of the muscles back to the root of his tongue, and was a dangerous wound."

A number of witnesses testified that when appellant was informed, soon after the difficulty, of Chandler's critical condition, he said:

"By God, I done what I aimed to do. I aimed to kill him."

Appellant claimed he acted in self-defense. His testimony, in substance, shows that Chandler owed him $2.50 for labor, and, when he asked Chandler for the money, the latter denied owing it, and cursed and abused appellant, and followed him down the road, finally striking him with a rock and knocking him down. While Chandler was in the act of picking up another rock, appellant struck him with the knife. He is corroborated by two of his daughters, who claimed they saw and heard the difficulty. The effect of the testimony of the appellant and one of his daughters is somewhat weakened by a number of character witnesses introduced in rebuttal by the commonwealth. The testimony is not wholly plausible on either side, but there is a sharp conflict, and, if that for the commonwealth be believed, the appellant struck Chandler with the knife without provocation.

The case clearly falls under the familiar rule that this court will not disturb the verdict of a properly instructed jury, unless it is flagrantly and palpably against the evidence.

There is sufficient evidence to sustain the verdict, and the judgment is affirmed.