## Collins v. Commonwealth.

(Decided March 19, 1929.)

L. D. LEWIS, T. G. LEWIS and C. W. HOSKINS for appellant.

J. W. CAMMACK, Attorney General, and S. H. BROWN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MCCANDLESS —Affirming.

Farmer Collins and Johnny Napier were indicted for the murder of Carr Napier. Scparte trials were had and Napier was convicted of manslaughter. See Napier v. Com., 224 Ky. 158, 5 S. W. (2d) 902. Farmer Collins was found guilty of murder and his punishment fixed at imprisonment for life. On this appeal appellant Collins admits that the proceedings in the lower court were free from error; the sole ground urged for reversal being that the verdict is not sustained by the evidence. The homicide occurred at the residence of appellant on the evening of June 4, 1927. Religious services had been advertised for this time, and a number of person assembled, some

of whom were supplied with liquor. The preacher failed to arrive, and the crowd became drunk and disorderly.

Appellant's house consists of three rooms in a row with the front porch running its entire length and a door opening from it into each room, the rooms also being connected with partition doors. One end room was used as a kitchen and dining room, and the other two as bedrooms. Appellant and three others were in the kitchen, and he was discussing a turkey trade with one of those at the time the trouble began. Johnny Napier, Carr Napier (the deceased), and some 10 or 12 others were in the far end room. Deceased was boisterous, and some words passed between him and Johnny Napier, who suggested to deceased that "they were in Farmer Collins' house and to treat him right." Whereupon Carr Napier became incensed and fired his pistol twice. Johnny Napier responded by firing several times at deceased. As to what then occurred is in dispute. James Sizemore testifies that he arrived just as the shooting began; that as he walked up to the porch three or four shots were fired in the end room; that he walked in the middle room and passed through the partition door, stopping about one step inside the end room; that Carr Napier was in the middle of the room and Johnny Napier shot three or four times at him; that Carr sank down and started out the door, when appellant passed witness and shot three or four times at Carr; that Carr pitched out the door onto the porch and said, "Oh Lord, I am killed." Carr's left side was to Collins. He further testifies that Carr was doing nothing at the time he was shot. Farmer Sizemore testifies that he was in the kitchen with appellant, Bige Sizemore, and Bige Collins. Two shots were fired in the lower bedroom. Appellant at that time was leaning against the kitchen wall, and at once went through the door into the middle room toward the lower room. After he passed out of his sight witness heard eight or ten shots in the lower room. Frank Couch testifies that he was lying down and asleep in the middle room at the time the first shooting began; that he was awakened by the shots and raised up on the side of the bed and saw Farmer Collins come through the door and go into the end room; he then heard eight or ten additional shots.

Jim Johnson testifies that while out at the barn about 15 minutes before the shooting, and at appellant's request, he loaned appellant his .38 S. & W. pistol. Witness was in the end room at the time the shooting occurred. Johnny Napier said, "Boys let's all be peaceable." He heard a pistol fire twice. He turned his head, and Carr Napier was standing with a pistol in his hand. About that time Johnny Napier began shooting and shot four or five times. After this shooting ceased, three or four more shots were fired, but he did not know who fired them. Other witnesses testify that an inspection of the wounds on the body of Carr Napier showed that they had been made by bullets of different caliber, it further appearing that the pistol used by Johnny Napier was smaller than a .38 caliber. With the exception of the witnesses named, practically all of those present in the end room at the time of the tragedy testify that they did not see Farmer Collins come into that room or see him do any shooting. Appellant denied any participation in the crime. He says he had no ill feeling toward deceased, and he and Bige Sizemore, Bige Collins, and Levy Burns, who were present with him in the kitchen, all testify that he (appellant) remained in that room until all of the shots had been fired. After the shooting was over, Johnny Napier came through the kitchen with his pistol and went out on the porch. They followed him and procured his pistol, but appellant engaged in no difficulty. Several witnesses deny that James Sizemore was present, and he is contradicted in some other particulars, as is Frank Couch and Farmer Sizemore. Other evidence is to the effect that appellant offered the father of deceased $100 not to prosecute him, and that this offer was made at a time before he was accused of any complicity in the crime. Appellant denies the conversation attributed to him by the father of deceased, and says that he had the body of deceased kept in his house overnight, furnished a team to take the corpse to the cemetery and attended the funeral, and that his offer was to furnish $100 to prosecute the real criminal and not to obtain immunity. This record shows a confused and contradictory statement of facts emanating from a number of witnesses, many of whom were intoxicated, and it was difficult to ascertain the truth. But this duty devolved upon the jury, a tribunal peculiarly fitted for the task. Its members saw and

522

heard the witnesses, were perhaps acquainted with their character and reputation, and at least were better prepared to judge their credibility and the weight of their evidence than is the court. Even though we might have reached a different conclusion if we had been the triers of fact, nevertheless we are not authorized to reverse on this ground unless the verdict is so flagrantly against the evidence as to indicate that the verdict was the result of passion or prejudice. Branham v. Com., 223 Ky. 237, 3 S. W. (2d) 629; Minix v. Com., 225 Ky. 210, 7 S. W. (2d) 1038; Johnson v. Com., 225 Ky. 413, 9 S. W. (2d) 53; Stephens v. Com., 226 Ky. 437, 11 S. W. (2d) 111; Sparks v. Com., 225 Ky. 660, 9 S. W. (2d) 992. This we cannot say.

Wherefore, perceiving no error, the judgment is affirmed.