## Commonwealth v. Middleton, County Judge.

(Decided May 17, 1932.)

J. W. CAMMACK, Attorney General, and BASIL P. COOPER for appellant.

C. C. GRASSHAM for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Certifying the law.

A trial on an indictment charging W. A. Middleton, county judge of McCracken county, with malfeasance in office, resulted in a verdict of not guilty.

The commonwealth asks for a certification of the law upon these propositions presented in the record: (1) Whether the indictment is duplicitous; (2) the right of the Attorney General to appear in the prosecution of a public officer charged with such offense; (3) whether the verdict was contrary to the evidence; (4) does the failure of the county judge to keep judgment records of exonerations granted taxpayers constitute malfeasance; and (5) the character of instructions which should have been given.

A demurrer to the indictment and an objection by the defendant to the participation of the Attorney General in the prosecution were overruled. Consequently, the commonwealth could not and did not except to those rulings. This court is without jurisdiction to review rulings of the trial court at the instance of the party in whose favor they were made, even though the appeal is brought for a certification of the law concerning them. Commonwealth v. Brand, 166 Ky. 753, 179 S. W. 844; Commonwealth v. Fenwick, 177 Ky. 685, 198 S. W. 32, 33, L. R. A. 1918B, 1189; Commonwealth v. Eddins, 188 Ky. 809, 224 S. W. 348; Commonwealth v. Clark, 200 Ky. 358, 254 S. W. 1051.

Section 4128 of the Statutes provides for an appeal by an aggrieved taxpayer or the county attorney or sheriff to the quarterly court from the action of the board of supervisors making an assessment. Section 4250 provides for an appeal to the county court for the correction of clerical errors, duplications, or errors in assessing the property against one who does not own it. Each statute sets forth in detail the procedure and the duty of the courts. Section 388a-1 requires a county judge to keep a judgment book in which all judgments of the court shall be entered and indexed. The next section provides a penalty for failure to perform that duty. The indictment in this case, however, undertook to charge the accused under the terms of section 3748 of the Statutes, providing that judges of the county courts shall be subject to indictment "for misfeasance or malfeasance in office, or willful neglect in the discharge of official duties," and upon conviction shall be fined within stated limits, and forfeit his office.

The indictment described the offense charged as malfeasance to have been committed by the accused having, in his official capacity, willfully, unlawfully, know-

802

ingly, and wrongfully exonerated certain named persons of their state taxes in various respective sums, and that he did thereby wrongfully and fraudulently deprive the state of specified sums of money as being taxes on the assessments so exonerated. It charged in addition that he knowingly, unlawfully, willfully, and wrongfully failed and refused to make, or cause to be made, on any of the record books of the county, any record of the exonerations.

Without intending to pass upon the sufficiency of the indictment as an authoritative certification of the law respecting it, but for the purpose of disposing of the other questions submitted, we should say that the indictment, although charging a public offense, was defective, since it simply stated the conclusions of the pleader, and did not sufficiently set out the facts that were apparently intended to form the basis of the accusation.

Appeals to this court are authorized and entertained to deal with concrete questions presented by the record submitted to it, and not to state the law academically. Since it is disclosed that the indictment in this case which formed the basis of all subsequent rulings of the trial court was bad, it follows that no instructions were authorized and it is felt that this court should not express its views concerning the sufficiency of the evidence or the propriety of the instructions given and offered.

This conclusion is certified as the law controlling the appeal.