## Hollingsworth et al. v. Commonwealth.

December 9, 1949.

Rehearing denied January 31, 1950.

E. H. Walton for appellants.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General for appellee.

STANLEY, COMMISSIONER—Affirming.

Randall E. Hollingsworth and John Reed Hollings-

worth appeal from their conviction of rape on which each was sentenced to twenty years imprisonment.

The woman in the case, Mrs. Lillian Martin, alias Lillian Carroll, testified that she was walking along a street in Covington about three o'clock in the morning on her way home, having come from Cincinnati where she was employed as a waitress in a saloon, when John Hollingsworth got out of an automobile, grabbed her arm and asked if she knew him. She did not, and when she pulled away, he struck her in the face. She started screaming and Randall Hollingsworth got out and also struck her. Both of them dragged her into the car and placed her on the seat between them. They drove some distance through Covington and Latonia and stopped on a side road where each of them ravished her. She made no outcry and yielded to them because she was "scared to death," though she testified she had not been afraid of them as they rode along and had made no outcry at the time. The men brought her back to the place they had picked her up. She admits having made a date with one of them to meet him a few nights later and agreed to get a date for the other man. This she explained was to entrap them so they could be arrested at that time. Her husband testified she came in about four o'clock in the morning badly beaten up and hysterical. The next morning the chief of police came to the house and saw her condition. Several days later she identified the two defendants at the police station as the men who had assaulted her. On this occasion Randall Hollingsworth admitted to the police that he had raped the woman, saying that he was drinking or was drunk. When his brother was brought in and was asked what it was all about, Randall said, "They got us for beating up that woman and raping her" and began to cry. John Hollingsworth remained silent.

The defendants testified they were driving along the street and saw the woman staggering on the sidewalk. They stopped when she waved to them, and Randall asked her where she was going. She replied, "Home, if I can make it." She accepted their invitation "to get a drink." They visited several places, but all were closed. Finally, about four o'clock when she said she had to get home, they took her there. The woman had not been harmed in any way. Randall ad-

mitted making the statement at the police station but contended it was only after the police had beaten him.

The appellants insist the evidence did not authorize a submission of the case to the jury. They rely upon Weinel v. Commonwealth, 302 Ky. 742, 196 S. W. 2d 375 and like cases which hold that where the story of the prosecuting witness is so preposterous and the circumstances related were such as to preclude the possibility or even the probability of the crime of rape having been committed, the conviction will be set aside.

In the present case we agree with the Attorney General that the story related by this woman is a dubious one and are inclined to his view that probably she had voluntarily accompanied and yielded herself to these men and had been beaten up by her husband when she came in so late. Yet, as the Attorney General submits, her story is not so incredible that the court should deny the right of the jury to determine the issue of fact. Branham v. Commonwealth, 223 Ky. 233, 3 S. W. 2d 629.

The court heard considerable testimony as to the circumstances under which the admission of the defendant Randall Hollingsworth was made and concluded that it was not obtained in violation of the anti-sweating statute, hence, was admissible. KRS 422.110(2). Our careful consideration of the testimony heard by the judge alone leads us to the same conclusion.

It was not error to omit an instruction of adultery. That offense is not a degree of the crime of rape. McLaughlin v. Commonwealth, 35 S. W. 1030, 18 Ky. Law Rep. 205.

The admission of Randall Hollingsworth, upon interrogation, that he had been previously convicted of a felony, namely, robbery, was authorized by Section 597, Civil Code of Practice. The court properly admonished the jury that the admission should be considered only as it might affect the credibility of the defendant as a witness. This cannot be held to have been prejudicial to the other defendant, John Hollingsworth.

We find no prejudicial error in the trial of the case. The defendants were tried according to the due processes of the law, and, as we have indicated, it is not

how this court may regard the quality of the evidence against them but its acceptance by the jury that determines our decision.

The judgment is affirmed.