# DECISIONS

OF THE

# Court of Appeals of Kentucky

## SEPTEMBER TERM, 1910.

### Wilson v. Commonwealth.

(Decided Sept. 21, 1910.)

Appeal from Trigg Circuit Court.

1. New Trials—Review.—Under sec. 281, Cr. Code, as amended by Acts 1910, page 269, the rulings of the court on motions for a new trial are subject to exceptions, and any error of the court in refusing a new trial may be reviewed by the Appellate Court.

2. Same.—In considering an appeal on a motion for a new trial under Criminal Code, sec. 281, as amended by Act 1910, the court will not disturb the verdict of the jury unless it is palpably against the evidence.

MAX HANBERRY and ROBT. CRENSHAW for appellant.

JAS. BREATHITT, Attorney General, and TOM B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

A. A. Wilson shot and killed Alfred Hendricks. He was indicted for murder; on a trial of the case he was found guilty of manslaughter, and his punishment fixed at confinement in the penitentiary for twenty-one years. The facts leading up to the homicide as shown by the Commonwealth are briefly these: Wilson lived with his brother, who had a telephone on the same line with Hendricks. Wilson used abusive language over the telephone to Hendricks and Hendricks had a warrant issued against him for disorderly conduct. They had been

on bad terms for some time. After the warrant was is-
sued, Wilson said to one witness that Hendricks had a
bill against him now for cursing him over the telephone,
and that he expected that it would cost him something,
but if it did he was going to have a trial down there that
would cost him nothing. When they appeared before
the magistrate, the magistrate fined Wilson $5, and
Hendricks having left the room, the magistrate urged
Wilson to stop the trouble, and went on to give him
some advice in that line. Wilson finally said that it was
hard to live all his young days and have to kill him.
They went from there to the county judge's office to
draw up a replevin bond, and there, according to the
testimony of another witness, Wilson said he would get
him before he left town. After leaving the county judge's
office, Wilson went down to the drug store. Hendricks
was standing on the other side of the street talking to
some persons. Wilson on his way to the drug store
went by Hendricks, and pushed against him as he passed,
but nothing was said. He then went on to the drug store,
got a pistol which he had left there, put it in his
pocket, and coming out of the door and pointing in the
direction of Hendricks, said in a loud voice, "He has
had me up six times," and using a very abusive epithet,
he added, "There he stands over yonder;"    a few
minutes after this he started across the street, and when
he got near Hendricks pushed against him    a    second
time. At this Hendricks turned and struck him. A fight
followed between them in which Wilson drew his pistol
and shot Hendricks, who died shortly afterwards.

According to the testimony for the defendant he did
not make any of the threats against Hendricks testified
to by the witnesses for the Commonwealth; he did not
push against him as he went to the drug store, or as
he came from it; he went from the drug store across
the street to get a whip he had left over there, and when
he got near Hendricks, Hendricks began the difficulty
by attacking him; he backed and told Hendricks that he
wanted no difficulty, and Hendricks pressed upon him
and was apparently about to draw his pistol when Wil-
son drew his pistol and fired.

It will thus be seen that the evidence was very con-
flicting. There is perhaps a slight numerical preponder-
ance in favor of the defendant, but there are circum-
stances in the case sustaining the testimony for the

Commonwealth. The chief ground urged on the appeal for reversal is that a new trial should be granted the defendant on the merits. Under section 281 of the Criminal Code, as it originally read, the decisions of the court on a motion for new trial were not subject to exception, and under this provision it was held by this court that a judgment of conviction could not be reversed here if there was any evidence to sustain it. But the last General Assembly struck out this provision of section 281 of the Code (See Acts 1910, p. 269), and now the rulings of the court on motions for new trial are subject to exceptions, and any error of the court in refusing a new trial may be reviewed here. Spencer v. Commonwealth, 122 S. W., 800, and the cases therein referred to, were decided under section 281 of the Code before it was amended and are no longer applicable. But while this is true we cannot disturb the finding of the jury here. There was abundant evidence by the Commonwealth to warrant the conclusion of the jury, if the jury believed the Commonwealth's witnesses. The credibility of the witnesses is for the jury, and this court will not disturb a verdict because the jury believed one set of witnesses rather than another. The verdict must be palpably against the evidence or it cannot be disturbed.

The deceased when he was *in extremis* and when he knew that he was dying, in stating why Wilson shot him, said, "He run into me twice, or run against me twice and shot me." This is a statement of the facts of the homicide. It is not an expression of opinion. The court properly excluded his further statement, "It is too bad to be run over and then shot and killed."

The instructions to the jury aptly and clearly presented the law of the case. The court properly modified the instruction as to self-defense by, in effect, telling the jury that if the defendant sought out the deceased with the intention of raising a difficulty with him for the purpose of killing him, he could not be acquitted on the ground of self-defense, unless he in good faith abandoned his purpose before the shooting. While it is true that during the fight the defendant backed at least twenty feet, so short a time elapsed from the beginning of the difficulty to the end that the jury were well warranted in concluding that the defendant had not abandoned his purpose which he had in mind when he crossed the street

and began the difficulty; and that he did cross the street to begin the difficulty is borne out by the testimony as to his declarations and conduct about that time. On the whole case we conclude that the defendant has had a fair trial, and that the verdict of the jury should not be disturbed.

Judgment affirmed.