## Gambrel v. Commonwealth.

### (Decided March 18, 1911.)

### Appeal from Knox Circuit Court.

1. Appeals—Criminal Law—Opinion—Conclusiveness.—The opinion on a former appeal is conclusive not only of all matters actually decided, but of all matters presented by the record and which should have been decided.

2. Instructions—Self-Defense—Defense of Another.—An instruction on self-defense and the defense of another is not erroneous when otherwise proper, merely because it omits from the instruction directed by this court to be given, after the words "Then you ought

to acquit the defendant upon the ground of self-defense," the words "Or the defense of another and apparent necessity therefor." The jury being authorized to acquit the accused at all events it is immaterial that one of the grounds upon which they could do so was omitted.

W. O. DAVIS and B. B. GOLDEN for appellant.

JAS. BREATHITT, Attorney General, and TOM B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY— COMMISSIONER—Affirming.

The appellant, Allen Gambrel, and his brothers, Silas, Rice, Thomas and Nelson, were jointly indicted for the murder of John Gambrel. The indictment contained several counts; one of them accused all of the defendants of conspiring to kill John Gambrel, and of committing the crime in pursuance of the conspiracy and while it existed. Upon the first trial of the case appellant, Allen Gambrel, was found guilty and his punishment fixed at confinement in the penitentiary for life. Upon appeal to this court the judgment of conviction was reversed for errors in the instructions, and the cause remanded for a new trial. The opinion on the former appeal may be found in 130 Ky., 513, under the style of Gambrel v. Commonwealth. Upon the return of the case appellant was again tried. For the second time he was found guilty by a jury and his punishment fixed at life imprisonment.

As the facts developed upon the second trial are substantially the same as those appearing in the record of the first trial, and as the circumstances of the homicide are fully set out in our former opinion, it will be unnecessary to detail them again.

Upon this appeal appellant seeks a reversal because of certain alleged errors in the admission and rejection of testimony, and because the trial court failed to give instructions which this court in its former opinion directed to be given. The able attorney appointed by this court to represent appellant and brief his case upon this appeal calls our attention to a number of instances where it is claimed that the court erred in admitting and rejecting evidence. After carefully examining the record in the present case and comparing it with the record on the former appeal, we find that, with two or three exceptions,

the same questions now raised were raised on the former appeal. As the judgment of conviction at the first trial was reversed upon the former appeal solely for errors in the instructions, the effect of that opinion was to hold that the objections to the admission and rejection of testimony were not well taken; the rule being that an opinion upon a former appeal is conclusive, not only of all matters actually decided, but of all matters presented by the record and which should have been decided. (Arnold v. Commonwealth, 23 Ky. Law Rep., 182.) In the other instances of alleged error in the admission and rejection of testimony, we fail to find wherein the court has erred to the prejudice of appellant's substantial rights.

The court in its former opinion prepared instructions for the next trial, and directed that they be given. Counsel for appellant has called our attention to certain verbal inaccuracies, but in no instance do we find that the omissions or interpolations in anywise changed the meaning of the instructions. The only instance where there was an omission of several words occurs in instruction five as given by the trial court. The instruction directed to be given is as follows:

"If you shall believe from the evidence that no conspiracy existed as defined in instruction No. 2, but do believe that at the time the defendant shot and killed John Gambrel, if he did so, or at the time he aided, encouraged, advised, or commanded Nelson Gambrel, Silas Gambrel, Rice Gambrel, Thomas Gambrel, or any one or more of them, to shoot and killed the deceased, if he did so, as defined in instruction 3, he believed, and had reasonable grounds to believe, that he or the other defendants above named, or any one or more of them, was then and there in danger of death or the infliction of some great bodily harm at the hands of the said John Gambrel, and that it was necessary, or was believed by the defendant in the exercise of a reasonable judgment to be necessary, to shoot and kill the deceased or to aid, advise, encourage, or command the other defendants, or one of them, so to do in order to avert that danger, real or to the defendant apparant, then you ought to acquit the defendant upon the ground of self-defense and apparent necessity therefor, or the defense of another and apparent necessity therefor.''

The instruction as given omits the words "or the defense of another and apparent necessity therefor." It is manifest that the omission of the words referred to did not in anywise affect any right which the instruction gave. If the jury believed the facts to be as stated in the instruction, they were authorized to acquit appellant. Being authorized to do this at all events, it is immaterial that one of the grounds upon which they could do so was omitted from the instruction. It, therefore, follows that the omission of the words in question was not prejudicial.

Being of the opinion that there is no error in the record prejudicial to the substantial rights of appellant, it follows that the judgment must be affirmed, and it is so ordered.