## Bowling v. Commonwealth.

(Decided June 2, 1911.)

### Appeal from Logan Circuit Court.

Criminal Law—Indictment for Murder—Second Appeal—Instructions—Estoppel—This is the second appeal of this case. We find from the record in the former appeal that all the instructions given in the lower court on the first trial except the one on self-defense were approved by us in the opinion on that appeal. This being true and the evidence being substantially the same on both trials appellant is estopped to complain of the instructions or any of them on this appeal. The record now shows no reason for reversing the judgment of the trial court and it is, therefore, affirmed.

S. R. CREWDSON and A. R. DEWITT for appellant.

Jas. BREATHITT, Attorney General, THEO. B. BLAKEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

Appellant, under an indictment for murder, which charged that he and one John Gibbs, did wilfully, maliciously, feloniously and with malice aforethought, shoot and kill Philip McCarley, was twice tried and convicted of the crime of voluntary manslaughter; his punishment on the first trial having been fixed by verdict of the jury at confinement in the penitentiary nine years, and on the second and last trial at confinement in the penitentiary twenty years. Gibbs was acquitted on the first trial.

Appellant's second trial occurred after the reversal by this court of the first judgment of conviction. The opinion of the court on the first appeal may be found in 126 S. W., 360. Following his second conviction appellant filed in the court below a motion and grounds for a new trial; the motion was overruled by that court and he has again appealed.

The facts leading to and connected with the homicide of which appellant was found guilty are fully set forth in the opinion of the court on the former appeal and need not again be stated. We deem it only necessary to say that the evidence on the second trial did not differ materially from that introduced on the first trial, and on both trials it conclusively showed that deceased was killed by a pistol shot or shots fired at him by appellant, though it was conflicting as to whether the shooting was done by the latter in his necessary self defense. That of the Commonwealth conduced to prove that the shooting of deceased was not done in appellant's self defense, but in sudden heat and passion or in a sudden affray; and much of it tended to show that appellant was the aggressor and that he began the difficulty and fired the first shot. It is patent from the evidence that deceased, whatever may have been his purpose, did not shoot at appellant at all for his pistol was found under him after he was shot with each chamber loaded. While there was evidence to the effect that he attempted to shoot appellant, he did not shoot at him, or discharge his pistol at all.

Appellant's own testimony, however, and that of Gibbs and others, tended to show that deceased brought on the difficulty, and that his son, Henry, shot at appellant before the latter shot at deceased or Henry. Obviously, the issue of fact thus made was one to be determined by the jury under a proper instruction from the trial court.

The instruction submitting to the decision of the jury the question whether appellant was the aggressor and brought on the difficulty which resulted in the homicide and the effect thereof, was joined with and qualified the one containing the law as to self defense; and it is insisted for appellant that the instruction in thus qualifying the right of self defense was error which entitled him to a new trial, and this alleged error constitutes the only ground urged for a reversal of the judgment appealed from.

The instruction as a whole is in the following words:

"Although the jury may believe from the evidence beyond a reasonable doubt that Manuel Bowling shot and killed the deceased, yet if the jury shall further believe from the evidence that at the time he did so, the defendant, Manuel Bowling, believed and had reasonable grounds to believe that he was then and there in danger of death or great bodily harm at the hands of the deceased, or Henry McCarley, and that it was necessary or was believed by the defendant in the exercise of a reasonable judgment to be necessary to shoot said Phil McCarley in order to protect himself from death or the infliction of great bodily harm at the hands of the deceased, or Henry McCarley; then in that event the jury should find the defendant not guilty on the ground of self defense and apparent necessity.

On the other hand if the jury shall believe from the evidence beyond a reasonable doubt that Manuel Bowling when he did not believe, or have reasonable grounds to believe that his life or person was in danger at the hands of deceased or Henry McCarley, first on the occasion of the shooting, wilfully and feloniously assaulted the deceased or Henry McCarley with a pistol and thereby made the danger to him necessary or excusable on the part of deceased or Henry McCarley in his or their own necessary self defense, the jury should not in that event excuse the defendant Bowling on the grounds of self defense or apparent necessity thereof at the time he shot the deceased."

The reversal on the first appeal was because of error in the instruction as to self defense given on the first trial, and that part of the instruction quoted above which defines the law of self defense is expressed as directed by the opinion on the first appeal. The last part or second

paragraph of the foregoing instruction, to which appellant now objects, is free from error and follows the language of one directed by the opinion in White v. Commonwealth, 125 Ky., 699, to be given by the circuit court upon a retrial of that case. Moreover, we find from an examination of the record in the former appeal that this and all other instructions given in the court below on the first·trial, except the one on the subject of self defense, were approved by us in the opinion on that appeal. This being true and the evidence being substantially the same on both trials, appellant is estopped to complain of the instructions or any of them on this appeal. C. & O. Ry. Co. v. Lang's Admr., 141 Ky. 592; L. & N. R. R. Co. v. Mallory's Admr., 32 R., 745; Lex. Ry. Co. v. Woodward, 118 S. W., 965; L. & N. R. R. Co. v. O'Nan's Admr., 119 S. W., 1192; White & Sons v. Ayer & Lord Tie Co., 116 S. W., 349.

In our opinion the record affords no reason for reversing the judgment of the trial court. It is, therefore, affirmed.