## Commonwealth v. Calloway, Manager.

(Decided October 17, 1916.)

### Appeal from Franklin Circuit Court.

1. Obscenity—Obscene or Indecent Publication.—The test which determines the obscenity or indecency of a publication is the tendency of the matter to deprave and corrupt the morals of those whose minds are open to such influences, and into whose hands such a publication may fall.

2. Obscenity—Obscene or Incedent Publication.—The question whether a publication is obscene or indecent does not depend upon its being true or false.

3. Criminal Law—Findings—Appeal and Error.—The finding in a prosecution tried by the court will be given the same weight as is attached to the verdict of a jury; and in such a case the judgment must be palpably against the evidence before it can be disturbed.

M. M. LOGAN, Attorney General, and DULIN MOSS for appellant.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—
Affirming.

This prosecution against H. R. Calloway, manager of the Columbia Picture Show Company, in Frankfort, was begun by a warrant issued from the police court of the

city of Frankfort, charging him with exhibiting obscene and indecent pictures in front of a theater on Main street, in violation of an ordinance of the city of Frankfort. The judge of the police court sustained a demurrer to the warrant, and dismissed the prosecution. The Commonwealth appealed to the circuit court, and a trial in that court, before the judge sitting as a jury, resulted in a verdict of not guilty. The Commonwealth appeals to this court and asks a reversal upon the ground that the judgment of the circuit court was against the law and the evidence.

The pictures complained of consist of six pictures, eleven by fourteen inches in size, and two larger pictures, sixteen by twenty-three inches in size, all illustrating the story of "Undine." The pictures are entitled, "Miss Ida Schnall;" "Miss Ida Schnall as Undine;" "Undine and the Water Nymphs;" "The wound proves fatal;" "The Knight meets Undine;" "The fisherman's child strays away from home and meets the Nymphs;" "The Water Nymphs rest after a day's frolic," and "Huldbrand declares his love for Undine."

In 29 Cyc. 1319, the rule as to what constitutes obscenity or indecency in publications is stated as follows:

"The test which determines the obscenity or indecency of a publication is the tendency of the matter to deprave and corrupt the morals of those whose minds are open to such influences, and into whose hands such a publication may fall. The question does not depend upon its being true or false. So, a proper test of obscenity in a painting or statute is whether its motive, as indicated by it, is pure or impure, whether it is calculated to excite in a spectator impure imaginations, and whether the other incidents and qualities, however attractive, are merely accessory to this as the primary or main purpose of the representation."

The only witnesses called were B. G. Williams and Guy H. Briggs, who testified that the pictures introduced in evidence, as above described, were, in their opinions, neither obscene nor indecent. This testimony and the pictures constituted all the proof heard in the case.

The findings in a prosecution tried by the court will be given the same weight as is attached to the verdict of a jury. Klyman v. Commonwealth, 30 S. W. 658. And, the judgment must be palpably against the evidence or

it cannot be disturbed. Wilson v. Commonwealth, 140 Ky. 3.

Here there was ample evidence to sustain the judgment. The right of the Commonwealth to prosecute this appeal, is not decided.

Judgment affirmed.