## Hall v. Commonwealth.

(Decided June 24, 1927.)

### Appeal from Knott Circuit Court.

1.  Criminal Law.—Decision on appeal from judgment holding verdict
    not contrary to evidence is binding on second appeal involving
    practically identical evidence.
2.  Criminal Law.—Admission of alleged incompetent evidence is not
    prejudicial, warranting reversal, where evidence could not have
    influenced the jury.
3.  Criminal Law.—In prosecution for murder, statement of witness,
    in answer to question whether he was mad at defendant, that he
    did not like any man that would shoot him for nothing, held not
    to require reversal, in view of court's admonition to jury not to
    consider remark as evidence, where no motion was made to dis-
    charge jury.
4.  Criminal Law.—In prosecution for murder, statement of witness,
    cross-examined as to how he happened to be at scene of homicide,
    that defendant held him up, held not prejudicial, in view of evi-
    dence which indicated commission of crime was not implied.
5.  Criminal Law.—Decision on former appeal is law of case, where
    identical question is raised on second appeal.
6.  Criminal Law.—Where on former appeal court upheld instruction
    given at first trial, defendant could not on second appeal complain
    of instruction on different ground, as former decision became law
    of case.

R. MONROE FIELDS for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS F.
CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

On his trial for the murder of Hawk Stumbo, Har-
rison B. Hall was convicted of manslaughter and his
punishment fixed at confinement in the penitentiary for
15 years. Stumbo was killed early Sunday morning,
September 30, 1923; Harrison B. Hall, Jethro Hall,
Dewey Hall, and H. C. Hall were charged by indictment

with his murder. On a former trial H. C. Hall was acquitted and the others were convicted. An appeal was prosecuted, and the court reversed the judgment. See Hall et al v. Commonwealth, 207 Ky. 794, 270 S. W. 35.

The evidence on the two trials is practically the same, and therefore it will not be restated. Harrison B. Hall asks for reversal of this judgment for three reasons. His first is that the verdict is contrary to the evidence, and not supported by the evidence, but the evidence on this trial is substantially the same as on the former trial, and in the former opinion we said:

"There is no merit in the contention that the verdict against any of appellants is flagrantly against the evidence."

This is a complete answer to his first complaint.

His second is directed to the admission of certain alleged incompetent evidence. The first evidence complained of was brought out in the examination of Sherman Gibson. It is unnecessary to determine whether this evidence was competent or not, as it was of such trivial importance it could not have influenced the jury in returning the verdict it did, and its admission was not prejudicial. His next complaint is of an answer made by Andy Thornsberry, in answer to questions asked him on cross-examination. These questions and answers were:

"Q. You are mad at Harrison Hall, aren't you? A. Yes, sir; I don't like any man that will shoot me for nothing.

"Q. You needn't tell why; I am not asking you about that; I just want to know if you are mad? A. My feeling aint good at anybody that will shoot me and swear out of it, but I don't have anything but the truth to state against him."

Hall moved to exclude the evidence of the witness Thornsberry as to the defendant shooting him. The court reserved his action on that motion. After he had given to the jury his written instruction, he then admonished the jury not to consider that remark as evidence against this defendant on this trial. Of course, his admonition was more extensive than we have written here, but that is the substance of it, and we feel that the admonition was sufficient. Hall insists here that the harm had al-

ready been done, which is true, but the court's admonition to the jury, given at the close of all the evidence, was very complete, and should have been just as effective as if immediately given. The defendant made no motion to discharge the jury, and we find no prejudicial error in this.

In the direct examination of Harry Hall, he was asked how he happened to be there when the killing occurred. His answer was: "I was passing, and H. B. and them held me up." The defendant Hall has seized upon this expression, "held me up," and insists that this implies a great deal more than merely stopping the witness to question him, but we cannot agree with him. When the evidence is considered in connection with the other evidence, it is very clear that what the witness meant to say was that he was stopped by the defendant and those with him and questioned. There is nothing in the evidence to indicate that these words, "held me up," imputed to the defendant the commission of a crime. The use of that expression was not prejudicial.

Hall has also objected to certain evidence brought out upon the examination of the witness Andy Bates but we have examined that evidence, and it was so trival that it could not have had any effect upon the verdict, and its admission, whether competent or incompetent, was not prejudicial. His next complaint is directed to instruction No. 6, but that identical instruction was given on the former trial of this case, and hence no complaint can now be made of it. The defendant has no right to have this case tried by piecemeal. He complained of this instruction on his former appeal but did not then direct the attention of the court to the matter of which he is complaining now, and this is now the law of the case. See Martin v. Commonwealth, 208 Ky. 829, 272 S. W. 58.

The judgment is affirmed. Whole court sitting.