## Johnson v. Commonwealth.

(Decided June 12, 1928.)

Appeal from Hopkins Circuit Court.

1. Criminal Law.—Opinion on a former appeal constitutes "law of the case" thereafter.

2. Criminal Law.—Finding of facts from conflicting evidence is a function of jury, and appellate court will not invade jury's province in that particular.

3.  Criminal Law.—"Law of the case" in both criminal and civil trials. precludes all questions on subsequent appeal that were involved on prior appeal, whether or not expressly mentioned in opinion, unless they are expressly reserved.

4.  Homicide.—Where testimony in murder prosecution was heard. as predicate for admission of dying declaration, but dying declaration was excluded and no motion was then made to exclude preliminary evidence, but, when it was referred to in argument to jury, court withdrew it from consideration, and admonished jury to disregard it, error was cured.

5.  Criminal Law.—Counsel may draw legitimate inferences from evidentiary facts, and expound them with all skill, learning, and eloquence at their command, without violating rights of accused, and, so long as record is adhered to for facts, counsel may draw on their reading and resources for illustration and emphasis and may present their arguments as forcibly and convincingly as they can.

E. L. YOUNG and T. D. HEWLETT for appellant.

J. W. CAMMACK, Attorney General, and S. H. BROWN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Henry Johnson was convicted of the murder of Enos Murphy, and a sentence of death imposed upon him. He has prosecuted an appeal from the judgment and sentence, complaining of the instructions given, of the admission of certain incompetent evidence, of the arguments of attorneys for the prosecution, and of the refusal to grant him a new trial because the result reached was palpably against the evidence.

A former trial, resulting in a like conviction and sentence, was reviewed by this court, and the judgment reversed for errors committed by the trial court. 217 Ky. 565, 290 S. W. 325. The facts fully appear in our former opinion, and need not be repeated. It is sufficient to say that the evidence on the second trial was substantially the same as that adduced on the first, with some additional testimony introduced by each party. The commonwealth was able to strengthen its case somewhat, especially in the matter of identification of the appellant as the slayer, and the appellant produced a new witness to the shooting. But the new evidence related to the same general circumstances, and did not change the issues involved on the first trial, or work a change of the character to avoid the application of the doctrine that the opinion on a former appeal constitutes the law of the case

thereafter. The trial court gave the instructions precisely as directed by this court in the former opinion, and was manifestly right in so doing. Nothing appeared at the last trial to justify or require additional instructions, or any alteration in those which this court had directed to be given.

Counsel for appellant insist that he was entitled to an instruction on self-defense, unaffected by the circumstances shown by the evidence, which, if believed by the jury, deprived the slayer of any right to rely upon the right of self-defense. The fatal fault with the argument is that the facts do not sustain it. The additional proof adduced by appellant did not show a different situation from that with which we dealt before, but simply a difference in details and circumstances, affecting, not the law of the case, but merely the conclusion of fact that might be derived. The jury, after hearing all the evidence, found that the theory of the commonwealth was the true one, and rejected the defense interposed by the appellant.

The finding of the facts from conflicting evidence is pre-eminently a function of the jury, and this court has uniformly declined to invade the jury's province in that, as in every other particular. The court advised the jury, in terms previously approved by this court, the circumstances under which the shooting of the officers was justifiable on the ground of self-defense or apparent necessity, and, if the facts had been found in accordance with appellant's contention, the verdict of "guilty" could not have been rendered. After a painstaking and careful consideration of the case in the light of appellant's well-prepared argument, we are driven to the inevitable conclusion that no additional instructions to the jury were needed or warranted by the record.

The "law of the case," as applied in this jurisdiction to criminal as well as civil trials, precludes all questions on a subsequent appeal that were involved on the prior appeal, whether or not expressly mentioned in the opinion, unless they are expressly reserved. Sowders v. Coleman, 223 Ky. 633, 4 S. W. (2d) 731; Slaughter v. Com., 152 Ky. 128, 153 S. W. 46; Gambrel v. Com., 142 Ky. 839, 135 S. W. 404.

The appellant's complaint of the admission of incompetent evidence is leveled at the testimony of Maudie Murphy, a daughter of the deceased, Enos Murphy. The testimony was heard as a predicate for the admission of a dying declaration, but the dying declaration was ex-

cluded. No motion was then made to exclude the preliminary evidence, but, when it was referred to in the argument to the jury, the court withdrew it from consideration and admonished the jury to disregard it. It does not appear that the court properly could have done more to cure any evil effects that may have ensued from the error. The testimony itself was inconsequential and irrelevant, and the contention that it worked prejudice to appellant is far-fetched and fanciful. The principle controlling on trial courts in such matters has been repeatedly declared and applied by this court. Burnett v. Com., 172 Ky. 400, 189 S. W. 460; Wilson v. Com., 141 Ky. 341, 132 S. W. 557; Whitehead v. Com., 200 Ky. 440, 255 S. W. 93. The trial court, when its attention was called to the matter, did all that was necessary to protect the rights of the accused, and we find no meritorious ground for complaint on that score.

Appellant strenuously insists that he was prejudiced by improper arguments of the attorneys for the commonwealth addressed to the jury, with the sanction of the court, implied from the rulings favorable to the commonwealth on appellant's objections to the arguments. The latitude allowed attorneys in arguments to the jury has been the subject of frequent study by this court, as may be ascertained from an examination of the multitude of opinions dealing with the question. Moore v. Commonwealth, 223 Ky. 128, 3 S. W. (2d) 190; Johnson v. Commonwealth, 188 Ky. 391, 222 S. W. 106; Howard v. Commonwealth, 67 S. W. 1003, 24 Ky. Law Rep 91; Slaughter v. Commonwealth, 149 Ky. 5, 147 S. W. 751; Branham v. Commonwealth, 223 Ky. 233, 3 S. W. (2d) 629.

The arguments inveighed against on this appeal, so far as we may judge of them from the fragmentary quotations appearing in the bill of exceptions, were zealous, pointed, and somewhat oratorical; but they did not transcend the limits of propriety as defined by this court. Counsel may draw legitimate inferences from the evidentiary facts, and expound them with all the skill, learning, and eloquence at their command, without violating the rights of the accused. So long as the record is adhered to for the facts, counsel are at liberty to draw on their reading and resources for illustration and emphasis, and may present their arguments as forcibly and convincingly as they can. We are satisfied that the counsel for the Commonwealth in this case kept within reason-

able bounds, and that the court did not commit any error in refusing, as requested by appellant, to restrain the presentation of the case for the commonwealth.

It is finally urged that the verdict is palpably against the evidence, and for that reason ought to be set aside and a new trial ordered. The opinion on the former appeal authoritatively required submission of the case to the jury. There was abundant evidence to sustain the theory of the case advanced by the prosecution. The appellant denied that he was present when the crime was committed, but there was ample evidence to the contrary. If the witnesses for the commonwealth were to be believed, the appellant's defense was not founded in fact. There is no room to argue that the evidence does not fully sustain the verdict of the jury. It was shown that appellant was armed and defiant and unwilling to be apprehended; that he shot two officers, killing Murphy and wounding Watson, to make an escape; that he fabricated a defense in an effort to evade the consequences of his deed; and that he was guilty of a crime that called for the death penalty as a deserved and lawful punishment. On the other hand, if the defendant is to be believed, he is the unfortunate victim of circumstances encompassing his undoing, and bringing upon him a dire and dreadful fate, when he was but a harmless and homeless wanderer, bent upon no wrong to society, seeking merely to steal, for the want of means, his way to a sister state, where lawful employment might be found. It was for the jury to determine the truth of the sharply disputed issue, and when we find, as we must from this record, that the case was fairly tried by the jury, without intervening prejudicial error by the court, we cannot rejudge the justice of the jury's determination.

The penalty of death by electrocution is most severe and awful, but when the safeguards erected by the Constitution and the law to secure a fair trial of accused persons have been respected, this court may not interpose to stay the operation of just laws fairly administered. Our system of government provides for the protection of society through the imposition of penalties for crime, and experience teaches that the best preventative of crime is the prompt and certain enforcement of the law. If the appellant is guilty of the murder of Murphy, as two juries have found, on evidence that justifies the verdicts, he cannot be heard to complain that the law has exacted of him a penalty commensurate with the crime he

committed in cruelly taking the life of a faithful officer while engaged in the performance of his duty to the state.

The judgment is affirmed. Whole court sitting.