## Oldham v. Commonwealth.

(Decided March 5, 1929.)

E. L. VASS and H. L. JAMES for appellant.

J. W. CAMMACH, Attorney General, and S. H. BROWN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Samuel Oldham appeals from a conviction for the crime of rape. On a former appeal a judgment of conviction was reversed. Oldham v. Commonwealth, 221 Ky. 236, 298 S. W. 682. The reversal was based upon the fact that the indictment charged a violation of section 1154, Kentucky Statutes, and the court had given an instruction authorizing conviction under section 1155, Kentucky Statutes.

After the case was remanded to the circuit court it appears that the prosecution was recommitted to the

grand jury and a new indictment returned; but the second indictment like the first, was based solely upon a violation of section 1154, Ky. Statutes. It charged that the defendant, on a specified date, in the county of Hart, unlawfully, willfully, feloniously, and violently made an assault on Zella Kessinger, a female not his wife, and did then and there forcibly and against her will ravish and have carnal knowledge of her himself. The same indictment accused Clarence Oldham and Bessie Oldham of aiding and abetting the principal defendant in the commission of the crime. There was no material change in the indictment, so that the opinion on the former appeal constitutes the law of the case, which binds the circuit court and this court as well. Johnson v. Commonwealth, 225 Ky. 413, 9 S. W. (2d) 53; Slaughter v. Commonwealth, 152 Ky. 128, 153 S. W. 46; Gambrel v. Commonwealth, 142 Ky. 839, 135 S. W. 404; McDaniel v. Commonwealth, 185 Ky. 611, 215 S. W. 544.

Upon the second trial of the case the court did not give an instruction under section 1155, Kentucky Statutes, but instructed, as he was bound to do under the opinion of this court, on section 1154 alone. It is now insisted that appellant was entitled to an instruction under section 1155, Kentucky Statutes, but the question was settled adversely to the argument by the former opinion and requires no discussion.

The other ground urged by the appellant for reversal is that the verdict is flagrantly against the evidence. This question was reserved in the former opinion and is available now. This court is authorized to grant a new trial when the verdict is so palpably against the evidence that it shocks the sense of justice, and compels the conclusion that it was the result of passion and prejudice on the part of the jury. Criminal Code, sec. 281, as amended by the Act of 1910, c. 92; Brown v. Commonwealth, 226 Ky. 255, 10 S. W. (2d) 820.

It is the settled rule, however, that the credibility of witnesses and the weight of testimony is exclusively within the province of the jury, and, if there is evidence of probative value sufficient to justify the jury's verdict. there is no reason for disturbing it. The jury may believe the testimony of one witness to the exclusion of other testimony that contradicts it. Blanks v. Com., 223 Ky. 484, 3 S. W. (2d) 1105; Stewart v. Com., 225 Ky. 731. 9 S. W. (2d) 1087.

In the present case there was the positive testimony of one witness to the effect that the offense was committed. The defendant denies that he was present or committed the offense. He is corroborated by his son and daughter-in-law. The case is a peculiar one, and the testimony in many respects coincides. But on the main point, as to the actual commission of the crime, there is a sharp and irreconcilable conflict. The collateral circumstances, in which corroboration appears for both sides, are not in dispute. The appellant's witnesses were not wholly disinterested. They were closely related to him. and jointly indicted with him for aiding and abetting in the commission of the crime. The story of the prosecuting witness, although shocking and difficult to believe, may be entirely true. It is equally difficult to believe that this young girl, of limited intelligence and without any apparent antagonism to appellant, or motive to harm him, should fabricate and press against him such an awful charge. Cf. Branham v. Com., 223 Ky. 233, 3 S. W. (2d) 629.

Moore on Facts, sec. 135, says: " 'A case how unlikely and suspicious soever, in itself, may be irresistibly proved by the force of testimony,' said Sir John Nicholl. 'Evidence may be such as to substantiate a transaction. however improbable; for it may be such that the falsehood of the evidence would be still more improbable than the fact which it seeks to establish.' In another case the same eminent judge said: 'It seems hardly possible, on the mere improbability of a statement, to discredit the evidence of a witness of good general character, deposing firmly and solemnly; there must be something amounting to incredibility, something incapable of explanation— not merely that it was improbable that under such circumstances persons in general would have so acted; that is matter of opinion. Different persons act differently in similar circumstances.' "

Two juries have heard the evidence, which was substantially the same on both trials. Both have found the defendant gulity; the first fixing his punishment at five, and the second at ten, years' imprisonment. We are unable to say that the result strikes our mind at first blush as flagrantly against the evidence. Stewart v. Commonwealth, 225 Ky. 731, 9 S. W. (2d) 1087.

The judgment is affirmed.