## Anderson v. Commonwealth.

(Decided November 21, 1930.)

WALTER R. PRATER for appellant.

J. W. CAMMACK, Attorney General, and HOWARD BLACK for appellee.

OPINION OF THE COURT BY JUDGE GRIGSBY—Affirming.

On May 4, 1929, George Horn, who was a deputy peace officer of Prestonsburg, Ky., was shot and killed by appellant, Frank Anderson, near the city limits of Prestonsburg. Upon a trial before a jury in the Floyd circuit court, appellant was convicted of manslaughter and sentenced to twenty-one years in the state penitentiary. That judgment was reversed by this court in an opinion reported in 232 Ky. 159, 22 S. W. (2d) 599, where

a full statement of the evidence for and against the defendant may be found. The evidence was substantially the same on the second trial and the court instructed the jury in conformity to the opinion supra. The defendant was again convicted of manslaughter and sentenced to seventeen years' confinement in the penitentiary. From this judgment the defendant again appeals.

The trial court gave to the jury the usual self-defense instructions, covering the question of death or great bodily harm to appellant by the deceased, George Horn. The appellant complains that the self-defense instruction should have been so extended as to have given appellant the right to shoot if he believed, and had reasonable grounds to believe, that he was then and there in danger of death or some great bodily harm from either the deceased or Bill Griffith.

The evidence shows without contradiction that when appellant first started to run, Griffith, who had Blair in his custody, fired a few shots he says into the ground in order to frighten appellant and cause him to stop. When he did not stop, deceased pursued appellant some three hundred yards and out of sight of Griffith and at a time when no one was pursuing appellant but deceased, it being shown that Griffith had started to town with Blair, appellant turned and shot deceased. Under this state of uncontradicted evidence there was no evidence on which to extend the self-defense instruction so as to include probable danger at the hands of Bill Griffith as well as decedent. King v. Commonwealth, 187 Ky. 782, 220 S. W. 755. In reversing the trial court on the first appeal, this court said:

"Appellant having used no such physical force towards or against the deceased officer as would justify the latter in shooting him, either in the exercise of his right of self-defense, or the right to overcome and stop the flight by appellant, the instructions given by the court to the jury should have only submitted the right of deceased to arrest appellant if he had committed any offense in the presence of deceased, for which there was testimony to support, and that deceased had the right, if defendant escaped by flight, or hindered his arrest by such means, to pursue him for the purpose of arresting or recapturing him, but that he had no right to shoot at or otherwise imperil the life or limb of appellant,

and that, if he did so, the latter had the right to defend himself in the exercise of his ordinary right of self-defense, to be given by an independent and separate instruction.

"There also should have been given a proper instruction on manslaughter, as well as murder, and the reasonable doubt instruction, which would be all the instructions that would be authorized under the facts as now presented by the record, and would therefore constitute the whole law of the case."

In our opinion the instructions given by the trial court fully conformed to the instructions ordered to be given on the former appeal and constitute the whole law of the case. It therefore follows that the trial court did not err in his instructions.

The next complaint of appellant is that the court permitted Bill Griffith to testify that when he went to the car to arrest Blair and appellant that Ed. Arnold, the police judge, who was standing there, told him that some one had thrown a bottle of whisky from the car. This accusation was made in the presence of appellant and not denied. Arnold was permitted to testify, without objections, that a whisky bottle was thrown from the car. The record shows, however, that appellant was arrested on a charge of being drunk in the presence of the officers, and without passing on the competency of this evidence, we are of the opinion that this testimony was not prejudicial to the substantial rights of the appellant. From a careful examination of the entire record, we are of opinion that appellant has had a fair and impartial trial.

It is therefore ordered that the judgment be affirmed.