## Barton v. Commonwealth.

(Decided October 30, 1931.)

HEAVRIN & MARTIN for appellant.

J. W. CAMMACK, Attorney General, and JAMES M. GILBERT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Otha Barton and Oscar Vittitoe were jointly indicted for the murder of Cecil Woolen. Barton was tried separately, convicted of voluntary manslaughter, and sentenced to serve twenty-one years in the penitentiary. He prosecuted an appeal to this court, which resulted in a reversal of the judgment. Barton v. Commonwealth, 238 Ky. 356, 38 S. W. (2d) 218.

The reversal was rested upon a single error committed on the first trial by the admission of testimony to prove certain statements of the deceased, Cecil Woolen. It was held that the statements were not competent as part of the res gestae or as dying declarations.

The case was tried again promptly and Barton was again convicted of voluntary manslaughter. The last jury fixed his punishment at eleven years' imprisonment, but the court deducted the time served by Barton under the former conviction, and imposed a sentence of ten years, six months, and seventeen days in the penitentiary.

Barton has appealed again, insisting that the court erred: (1) In the admission of evidence, (2) in giving instructions to the jury, and (3) in refusing to set aside the verdict because it was palpably against the evidence.

The reversal of the former conviction, as noted, was rested upon the admission of the testimony of Sanders and others narrating the statements of the deceased on his return to the church after he had received the injuries which probably produced his death. The admission of the testimony was held erroneous because the statements were not made when Woolen was in extremis, and were not the spontaneous result of the occurrence, but a narrative of past events. In a petition for rehearing, the commonwealth sought to sustain the conviction on the ground that Barton was not prejudiced by the testimony because he was present when some similar statements were made. The petition for rehearing was denied, and the points raised therein were not discussed in the former opinion. But a judgment of this court upon an appeal constitutes the law of the case thereafter, binding alike upon the trial and appellate courts, unless there is a material change in the issues or the evidence. Johnson v. Com., 225 Ky. 415, 9 S. W. (2d) 53; McDaniel v. Com., 185 Ky. 608, 215 S. W. 544.

The judgment of this court upon an appeal settles all questions then presented, or properly before the

court, whether discussed in the opinion or tacitly concluded thereby. Slone v. Com., 235 Ky. 319, 31 S. W. (2d) 387; Slaughter v. Com., 152 Ky. 128, 153 S. W. 46; Hall v. Com., 220 Ky. 715, 295 S. W. 1067; Gambrel v. Com., 142 Ky. 839, 135 S. W. 404; Steele v. Com., 199 Ky. 760, 251 S. W. 1014.

The former appeal settled conclusively that the statements of Woolen referred to by the witness Sanders, and by others, were not competent as res gestae, or as dying declarations, and that their admission, as such, constituted prejudicial error.

The question now presented is whether certain statements of Woolen, accusing Barton of striking him, made in the presence and hearing of the accused, and in the face of which he silently walked away, are competent against the defendant on trial. That question was not presented or determined upon the former appeal, and it must be settled now as an original proposition. The trial court confined the evidence to statements accusatory in their nature and made in the presence and hearing of the accused, and which were followed by the silence of the accused, or by his departure from the presence of the declarant. The facts were developed differently and more in detail than appeared upon the first trial, and the differences were material and substantial, raising a distinct legal proposition. It is argued, however, that admissions by silence are not competent, unless it appears that the accused actually heard the statements under such circumstances that he was called upon to deny or explain them, and had a fair opportunity to do so.

The decisions support the rule that declarations accusatory in character, made in the presence and hearing of the accused, under such circumstances as to call for a denial or explanation by him, and he stands silent, or makes an incriminating response, are admissible, for whatever weight the jury may ascribe to them. Merriweather v. Com., 118 Ky. 870, 82 S. W. 592, 26 Ky. Law Rep. 793, 4 Ann. Cas. 1039; Smith v. Com., 140 Ky. 599, 131 S. W. 499; Bennett v. Com., 171, Ky. 63, 186 S. W. 933; Davis v. Com., 204 Ky. 809, 265 S. W. 316; Ratcliffe v. Com., 231 Ky. 337, 21 S. W. (2d) 441.

The accused, of course, may show that he did not hear the accusations, or that he was not free to contradict or counteract them because of fear, duress, or other

restraining reasons. Bowlin v. Com., 195 Ky. 600, 242 S. W. 604; Sprouse v. Com., 132 Ky. 269, 116 S. W. 344; Davis v. Com., 204 Ky. 809, 265 S. W. 316.

In view of the facts adduced, and following the decisions adverted to, we are bound to find that there was no error in the admission of the evidence in question in this instance.

■ Complaint concerning the instructions is twofold. It is first insisted that a peremptory instruction should have been given, and then that the first and second instructions defining murder and manslaughter should have been modified by striking out the words "or with some other instrument." In the former opinion the first and second instructions were expressly approved, but it was said that the words "or with some other instrument" should be omitted. The trial court gave the instructions again, but failed to leave out the words mentioned. It is now urged that the law of the case was disregarded and that a new trial should be ordered for that reason. It will be recalled that the case was not reversed because of the instructions, but in view of another trial made necessary by the reversal, certain suggestions were made in the opinion including the one above quoted. The other suggestion that a proper definition of a deadly weapon should be given was adopted, and it is apparent that the failure to delete the words "or with some other instrument" from instructions 1 and 2 years was a mere oversight. Plainly it was not prejudicial, and it does not necessitate a reversal of the judgment. If the matter had been deemed important, it would have been called to the attention of the trial court and the oversight would have been avoided.

It was expressly held upon the former appeal that Barton was not entitled to a peremptory instruction at the close of the testimony for the commonwealth. The evidence upon the second trial was the same in substance as that adduced before, except that certain admissions of the appellant were proven by a different witness. But such circumstance does not constitute a material difference in the evidence, or affect the fact that the prior ruling is conclusive upon the trial court and the appellate court in subsequent proceedings. Johnson v. Commonwealth, 225 Ky. 413, 9 S. W. (2d) 53.

■ Finally, it is urged that the verdict of the jury is palpably and flagrantly against the evidence. The commonwealth made out a prima facie case, and the

defendant sought to escape the consequences of the killing on the ground of self-defense. His testimony was not contradicted by the express testimony of eyewitnesses to the killing but certain circumstances impaired its credibility, and afforded contradiction. The numerous and severe wounds upon the head of Woolen the incriminating admissions, the accusatory statement of Woolen in the presence of his assailant, who remained silent, his expression of indifference as to the fate of his victim, as well as other matters that might be mentioned, made the case peculiarly appropriate for the determination of the jury. There was evidence to sustain the verdict, and its weight and credibility presented a problem to be solved by the jury alone. A verdict is not palpably against the evidence when it is reasonable for the jury to find from the entire record that the accused is guilty of the crime charged. Shepherd v. Com., 236 Ky. 292, 33 S. W. (2d) 4.

Counsel for the appellant have presented an able and persuasive argument in his favor, but two juries from the evidence have been convinced of his guilt beyond a reasonable doubt, and we are not convinced that the juries were wrong. Certainly it cannot be held that the appellant has not had a fair trial.

The judgment is affirmed.