# Vanover v. Commonwealth.

(Decided Jan. 9, 1934.)

FORESTER & SMITH for appellant.

BAILEY P. WOOTTON, Attorney General, and DAVID C. WALL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

Lee Vanover and Chester Shell were indicted by the grand jury of Harlan county charged with the murder of Mart Pace. In 1932, Vanover, on a separate trial, was convicted by a jury, and his punishment fixed at imprisonment for life. He prosecuted an appeal to this court, insisting that certain admitted evidence was incompetent; the verdict was flagrantly against the evidence, and the instruction authorizing his conviction as an aider and abettor was defective and improper.

On that trial the court admitted testimony that Vanover's reputation for peace and quietude was bad. At the time of its admission, he had offered no evidence bearing on his reputation for peace and quietude. It was determined by this court that the proven facts and circumstances made the question of his being an aider and abettor of Shell, in the killing of Pace, a question for the jury; that the instruction on the subject of aiding and abetting was properly given, in view of the evidence, but that the admission of the testimony concerning his reputation for peace and quietude was an error, and on this ground the judgment was reversed, with directions to award him a new trial. On the return of the prosecution to the circuit court, Vanover was again

tried, resulting in a verdict finding him guilty and fixing his punishment at imprisonment for life. On the second trial, the testimony directed to be excluded by our former opinion was not offered by the commonwealth, nor heard by the jury. He is here again insisting that the evidence was insufficient to authorize the submission of the issues to the jury, and the instruction on the subject of aiding and abetting is defective and improper. The testimony in behalf of the commonwealth on both trials is substantially the same. That in behalf of Vanover on both trials is identical. The names and number of witnesses for and against him, on the two trials, are substantially the same. In our former opinion (see Vanover v. Commonwealth, 246 Ky. 32, 54 S. W. (2d) 375), we set out in detail the evidence. The same instructions were given by the court on both trials. To reproduce either the evidence or the instructions would serve no useful purpose, and is unnecessary to a correct disposition of the present appeal. We have satisfied ourselves as to the identity of the evidence heard at both trials. Our ruling on the former appeal that the case was for the jury is the law of the case, since the evidence on the second trial is substantially the same as that on the former. Spencer v. Commonwealth (Ky.) 122 S. W. 800; Wilson v. Commonwealth, 140 Ky. 1, 130 S. W. 794; Wedding v. Commonwealth, 218 Ky. 115, 290 S. W. 1059; Blair v. Commonwealth, 181 Ky. 218, 204 S. W. 67; Bradley v. Commonwealth, 204 Ky. 635, 265 S. W. 291; Hall v. Commonwealth, 220 Ky. 715, 295 S. W. 1067; Slone v. Commonwealth, 235 Ky. 319, 31 S. W. (2d) 387. The instructions on the present appeal were approved on the former, and cannot now be questioned by the accused. Ross v. Commonwealth, 59 S. W. 28, 24 Ky. Law Rep. 1621; Messer v. Commonwealth, 90 S. W. 955, 28 Ky. Law Rep. 920; Bowling v. Commonwealth, 144 Ky. 59, 137 S. W. 772; Bradley v. Commonwealth, 204 Ky. 635, 265 S. W. 291; Jamerson v. Commonwealth, 230 Ky. 704, 20 S. W. (2d) 711; Anderson v. Commonwealth, 236 Ky. 398, 33 S. W. (2d) 350. Every question now presented was considered in the former opinion, and cannot again be considered on this appeal. Caudill v. Commonwealth, 239 Ky. 712, 40 S. W. (2d) 334. The accepted rule is that the opinion of this court in every case is the law of the case, thereafter binding on the parties and both the trial court and this court, unless there is a material change in the issues or evidence. Barton v. Commonwealth,

240 Ky. 786, 43 S. W. (2d) 55; Saylor v. Commonwealth, 243 Ky. 79, 47 S. W. (2d) 736.

For reasons indicated, judgment is affirmed.