## Martin v. Commonwealth.

(Decided Sept. 29, 1936.)

C. B. WHEELER for appellant.

B. M. VINCENT, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

Hayes Vance, as principal, and Creed Martin, as aider and abettor, were jointly indicted for the murder of John Slone. On separate trials Vance was convicted and his punishment fixed by a judgment of the court at confinement for life, and that of Martin at confinement for ten years, in the state reformatory.

On an appeal to this court the judgment of conviction of Vance was affirmed (Vance v. Commonwealth, 254 Ky. 667, 72 S. W. (2d) 43) and the conviction of Martin was reversed (Martin v. Commonwealth, 255 Ky. 529, 75 S. W. (2d) 13) because of improper argument of the Commonwealth's Attorney.

The evidence heard on the last trial of Martin is essentially the same as that on the first. The instructions given on his first and last trial are identical. Our opinions in the Vance Case and the previous appeal of Martin set out the facts, and for this reason it is unnecessary to reproduce them.

Martin is again insisting he was entitled to a peremptory instruction, and that the testimony disclosing the dying declaration of Slone was incompetent. The evidence showing the statements of the deceased which were admitted as the dying declaration on the last trial is the same as those on the first. Our ruling in respect thereto in our former opinion is the law of the case. Selby v. Commonwealth, 89 S. W. 296, 28 Ky. Law Rep. 446; Gambrel v. Commonwealth, 142 Ky. 839, 135 S. W. 404; McDaniel v. Commonwealth, 185 Ky. 608, 215 S. W. 544; Johnson v. Commonwealth, 225 Ky. 413, 9 S. W. (2d) 53.

The "law of the case" precludes all questions on subsequent appeal that were involved on a prior one, whether or not expressly mentioned in the opinion, unless expressly reserved. Johnson v. Commonwealth, supra.

To escape this rule,. Martin argues that the witnesses, when narrating the dying declaration of Slone, were improperly permitted by the court to begin with Slone's statement that he was slapped in the face by Martin when he was getting his pay at the pay window at the "company's store," and detailed the actions, conduct, and statement of Martin, himself, and others from that point to the moment of the killing of Slone.

A comparison of the evidence heard on his first trial with that shown by the record on the last one shows that the witnesses on the first trial, when narrating the statements admitted as the dying declaration of Slone, began with the statement of Slone, that

"I was slapped in the face when I was getting my pay-day, by Creed Martin, and we went up the creek and got some liquor and started back and they took a notion to make me go up the creek and I wouldn't go and I picked up my jar to come home and just when I raised up Hayes shot me."

As he picked up the jar,

"Creed Martin said, 'Hayes, do what you said you would, if you are going to,' and Hayes shot me."

It is true that on the last trial the witnesses by whom the dying declaration was established detailed more elaborately the actions, conduct, and statements of Martin, Vance, Slone, and others, from the time Slone stated he was "slapped by Martin at the window of the company's store," until Slone was shot, than they did on the first. It was entirely proper to permit the witnesses when giving to the jury the dying declaration of Slone to repeat his statements of the actions, conduct, and statements of the parties involved, just as he made them.

Martin again complains of the closing argument of the commonwealth's attorney. The record contains the whole of his closing address to the jury. No objections were made to any one of his statements during the time of its delivery. The failure to make objections to his argument as and when made precludes his objecting thereto for the first time in this court. If the argument was objectionable or prejudicial, Martin, because of his failure to object thereto as and when the

same was made, is in no position now to avail himself of such objectionable argument. Rowlett v. Commonwealth, 222 Ky. 695, 2 S. W. (2d) 378.

While making his argument, the commonwealth's attorney repeatedly slapped one of the jurors on the knee. Martin objected to this conduct. The court stated to the jury that it was improper for him to slap the juror on the knee, and it should not consider such conduct, but to try the case "on the evidence and that alone." The presumption is that the jury followed the admonition of the court. Anderson v. Commonwealth, 35 S. W. 542, 18 Ky. Law Rep. 99.

No error appears in the record, and Martin having received a fair and impartial trial, the judgment is affirmed.