**Harold W. MELAND, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 8, 1957.

Rehearing Denied May 3, 1957.

Rodes K. Myers, Geo. B. Boston, Bowling Green, Ollie James Cockrell, Jackson, Earl B. Rose, Beattyville, for appellant.

Jo M. Ferguson, Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

SIMS, Judge.

Harold W. Meland was sentenced to the penitentiary for a term of twenty years upon being convicted of raping a 12-year old girl, Ardotha Melton. From the verdict and instructions it is impossible to determine whether the conviction was for forcible rape, which carries a penalty of death, life imprisonment or imprisonment for not less than 10 nor more than 20 years, or for having carnal knowledge of a girl under 16 years of age, often referred to as "statutory rape", which carries a penalty of imprisonment of not less than 5 nor more than 20 years.

On this appeal a reversal is sought because the court erred: 1. In not directing a verdict in favor of appellant; 2. in erroneously instructing the jury; 3. in admitting incompetent and prejudicial evidence.

The judgment on a former trial imposing a life sentence was reversed by this court on the sole ground that the argument of the Commonwealth Attorney was highly improper and prejudicial to appellant's sub-

stantial rights. The facts are fully set out in our former opinion in Meland v. Com., Ky., 280 S.W.2d 145, hence it is not necessary to restate them. It will suffice to say the evidence on the second trial was substantially the same as that adduced on the first, with some additional evidence introduced by the Commonwealth. We refer to a letter written by appellant to his son, Douglas, from Jerusalem on May 10, 1953, while on a tour of the Holy Land, which was not introduced on the first trial. In this letter appellant asked his son to call together the children in the Home and tell them he (appellant) had resigned, would not be back, and that he (the son) wanted them to stop talking. Also, appellant suggested the children's outgoing mail be "checked" and asked that this trouble be kept out of the newspapers. Furthermore, appellant asked in his letter if he should write Betty adding, "I don't want to hurt Betty, but if you think I should tell her I will. I would rather tell her than have her hear it elsewhere."

The "law of the case" rule applies in criminal as well as in civil actions. Johnson v. Com., 225 Ky. 413, 9 S.W.2d 53; Kitchen v. Com., 291 Ky. 756, 165 S.W.2d 547. The first opinion expressly held the evidence was sufficient to take the case to the jury and sustain the verdict. As the evidence introduced on the second trial was practically the same as that heard on the first, with the exception of the letter just above mentioned, which strengthened the Commonwealth's case, the first opinion is now the law of the case and we are not at liberty to again evaluate the evidence.

After complying with the criticism made by us in the prior opinion as to the form of the first instruction, the trial judge gave the same instructions on the second trial as he did on the first. The former opinion approved these instructions and the "law of the case" rule applies to them and it is not necessary to again consider whether the instructions are correct.

Appellant makes many complaints of the rulings of the trial judge in admitting evidence against him. We have examined each of these objections and find they are without merit.

In the first opinion we held that the Commonwealth Attorney in referring to appellant's confession to a group of people should not have asked the prosecutrix if appellant's statement were directed to her. On the second trial the Commonwealth Attorney asked the prosecutrix, "Did he make a statement to you at that time?" To which she replied, "He said, Girls, I would like to apologize for going this far and committing adultery with you girls." It is patent from the question and answer that the Commonwealth Attorney used the word "you" to refer to the group and not to ask prosecutrix if the statement of appellant was addressed to her.

The other objections by appellant were relatively unimportant and dealt with leading questions, hearsay testimony as to whom prosecutrix first told of her experience with appellant and her delay in reporting the matter, and as to how she happened to go before the grand jury.

We regard these objections to be of a trivial nature and should we sustain any of them, yet such evidence even if improperly admitted would not be prejudicial to appellant's substantial rights.

The judgment is affirmed.