**Harold W. MELAND, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 9, 1959.

Rodes K. Myers, Bowling Green, for appellant.

Jo M. Ferguson, Atty. Gen., Paul E. Hayes, Asst. Atty. Gen., for appellee.

MONTGOMERY, Chief Justice.

Harold W. Meland appeals from a judgment denying his motion for relief in the nature of coram nobis under CR 60.02. Appellant is seeking relief from a sentence of twenty years' confinement in the penitentiary imposed following conviction of the rape of Ardotha Melton, now Wilcox. This conviction was affirmed and petition for rehearing was denied. Meland v. Commonwealth, Ky., 300 S.W.2d 793. A prior conviction was reversed because of improper argument to the jury. Meland v. Commonwealth, Ky., 280 S.W.2d 145.

The motion is based on an affidavit of the victim, Ardotha Melton Wilcox, dated December 26, 1958, and made at Homestead, Florida. Appellant's brief recites that the affidavit was made voluntarily and sent to Douglas Meland who, appellant says, testified against him and assisted in the direction of the prosecution. Appellant contends that the prosecuting witness did not know or understand what was meant by penetration of a sexual organ when she testified at the two trials. She said in the affidavit, referring to the trial, "At that time I witnessed that he was guilty of rape, but now that I am older and married, I realize that during this attack there was no actual pene-

**162**

tration. I now realize that the charge against Harold W. Meland should have been 'attempted rape.'"

Ardotha Melton Wilcox was born February 22, 1937. The offense was alleged to have been committed in the spring of 1949. The record of the first trial shows that the witness, then seventeen years of age, described in detail the commission of the offense and gave specific answers to four or more questions in which she said that there was penetration. On the second trial, the witness, then nineteen years of age, was asked:

"Do you know what is meant by having intercourse? Yes.

"Was there a penetration of the sexual organs? Yes."

The present counsel for appellant cross-examined the witness on the second trial. He did not appear for appellant on the first trial, but did appear as counsel on the appeal. On the second trial, counsel did not cross-examine the witness as to the extent of her knowledge in such matters, possibly having in mind the details to which she had testified on the first trial. The judge who denied appellant's motion presided over both trials of the prosecution.

The affidavit presented falls far short of the "conclusive character as to indicate that the verdict most probably would not have been rendered and that there is a strong probability of a miscarriage of justice." Underhill v. Thomas, Ky., 299 S.W.2d 633, 634, and cases cited therein. The denial of the motion was the exercise of sound judicial discretion since appellant failed to make such showing as would entitle him to relief by such extraordinary remedy.

There is no merit in the argument concerning the response filed or the trial court's failure to make findings of fact or to state conclusions of law under the holding in the Underhill case.

Judgment affirmed.